## S02A1096. VEASLEY v. THE STATE.
(570 SE2d 298)

HUNSTEIN, Justice.

Jeremy Thurmond Veasley appeals his convictions for malice murder and aggravated assault in connection with the fatal stabbing of Kelvin Banks, the aggravated assault upon Banks' girlfriend, Patrice Drake, and possession of cocaine. For the reasons that follow, we affirm.[1]

1. Construed to support the verdicts, the evidence showed that on January 30, 1996 the DeKalb County Police responded to an emergency call at the Country Pines Apartment complex. When police arrived on the scene they saw Drake covered with blood standing in the parking lot. Drake had sustained stab wounds to her neck and numerous defensive wounds to her hands. The police entered Banks' apartment and found Banks lying on the kitchen floor with multiple stab wounds to his neck, back and hands.

Drake related the gruesome details to the police. She said that Veasley knocked on the door while she was visiting Banks and that Banks and Veasley spoke to each other for a short time. Veasley returned about 30 minutes later and spoke to Banks in the kitchen. Drake heard Banks scream and then saw Veasley holding Banks in a headlock and stabbing him with a knife. Drake tried to pull Veasley off of Banks and then ran from the apartment and yelled for help. Veasley chased Drake and attacked her in the parking lot by choking

---

[1] Kelvin Banks was killed on January 30, 1996. On April 5, 1996, a DeKalb County grand jury indicted Veasley on charges of malice murder, felony murder, two counts of aggravated assault, and cocaine possession. Veasley was tried before a jury from June 2-5, 1997, and found guilty on all charges. On July 25, 1997, the court sentenced Veasley to life in prison for malice murder, ten years for cocaine possession to be served concurrent to the life term, twenty years for the aggravated assaults, to be served concurrent to each other but consecutively to the sentence for malice murder. On March 22, 2000, Veasley filed a notice of appeal. The case was docketed in this Court and thereafter dismissed for failure to file a timely notice of appeal. See *Veasley v. State,* 272 Ga. 837 (537 SE2d 42) (2000). Veasley was granted an out-of-time appeal on February 28, 2002 and his appeal was docketed in this Court on April 5, 2002 and argued on July 15, 2002.

her and poking her in the eye. Veasley stopped when Drake pretended she had died. Drake returned to the apartment and while she was talking to Banks, Veasley crashed through the front window still holding the knife. He chased Drake around the apartment and she grabbed the blade of the knife to thwart the renewed attack. Veasley stabbed Drake in the neck until the handle of the knife snapped off. Veasley left after Drake convinced him she had called the police. Banks died at the scene as a result of the multiple stab wounds and Drake suffered stab wounds in her neck and on her hands. Drake identified Veasley in a photographic lineup and identified him at trial.

Banks' brother who lived in the same apartment spoke with the police. He told the police of his suspicion that Veasley, a former professional football player who frequently bought drugs from them, had been involved in the incident. The police went to Veasley's apartment where they observed blood stains on the windowsill and a bloodied bottle of car bleach in the carport. The police obtained a search warrant to search Veasley's apartment and discovered the following: a bag of wet, bloody clothing, a basin of water and blood, blood-stained cocaine, blood on the interior doorway, walls, bathroom sink and mat, and on the bed and pillows, and one shoe which matched a shoe found at the crime scene. The police located Veasley at a local hospital where he had been treated for injuries to his hands. Veasley was placed under arrest and while he was being escorted to the county jail, he made a statement to the transporting officer that the incident was "self-defense" and that he would "beat the charges."

Although at trial Veasley contended that he had acted in self-defense and also contended that another person had later entered the apartment and killed the victim, we conclude that the evidence adduced was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Veasley was guilty of malice murder, the aggravated assaults and possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Veasley contends the trial court erred in denying his motion to suppress when it concluded that, in pushing the redial button on his telephone, the police did not exceed the scope of the search warrant. Veasley argues that the State located him at the hospital solely on evidence gathered outside the parameters of the search warrant, i.e., as a result of using the redial function on his phone. The search warrant provided that law enforcement officers could search the apartment for "any personal belongings of Kelvin Banks and Patrice Drake, bloody clothing, knives, blood stained items." Evidence at the suppression hearing disclosed that while conducting the search Detective Cohorst pushed the redial button on Veasley's phone on the belief that it would aid him in locating the perpetrator. The redial

function connected the detective to Veasley's employer who told the detective that Veasley had called that morning to inform the employer that he would not be at work because he had injured his hands and was going to Northlake Regional Hospital to seek treatment. The police discovered Veasley at the hospital and spoke to him briefly. They later obtained a warrant for Veasley's arrest and arrested him at the hospital.

Pretermitting whether the court erred in admitting the evidence the detective garnered from the employer via a phone number automatically keyed into Veasley's phone, see *Marron v. United States*, 275 U. S. 192, 196 (48 SC 74, 72 LE 231) (1927); OCGA § 17-5-23, we find it did not contribute to the verdict inasmuch as there was an eyewitness to the crimes and other evidence linking Veasley with the murder and assaults. Accord *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594) (1981) (constitutional error can be deemed harmless where evidence of guilt is so overwhelming that it negates the possibility that the tainted evidence contributed to the verdict).

3. Veasley contends that the trial court erred in failing to grant a mistrial or give curative instructions after the victim's relative made an emotional outburst in the courtroom. The record reflects that an investigating officer was asked to identify the crime scene via the police video made of the scene. During its presentation, the trial court informed the prosecutor that it would not allow the tape to be shown further as it was cumulative of the photographs the State planned to introduce. After the trial court made its determination, Veasley sought the mistrial claiming that the tape caused an emotional outburst in the courtroom by the victim's relative. Under the circumstances, because the record does not reflect whether the jury was aware of an outburst or that it involved friends or relatives of the victim, there was no abuse of the trial court's discretion in declining to grant a mistrial or in failing to give curative instructions to a jury that may not have been aware of the incident. *James v. State*, 270 Ga. 675 (4) (513 SE2d 207) (1999).

4. Veasley objected to the testimony of the emergency room physician on the ground of patient-physician privilege when the surgeon was permitted to testify that Veasley had advised him that the cuts to his hands were rendered while using a saw. Given that Georgia does not recognize a common-law or statutory physician-patient privilege, see *King v. State*, 272 Ga. 788 (1) (535 SE2d 492) (2000), we find that the trial court did not err in allowing this testimony.

5. Veasley contends that his trial counsel was ineffective based on a failure to point out inconsistencies in the evidence presented at trial, a failure to have the crime-scene blood samples tested, and the presentation of conflicting defenses to the jury. The evidence at the hearing on the motion for new trial revealed that the two attorneys

made an extensive investigation in the case; that numerous witnesses were interviewed including the police, crime lab scientists, Veasley's physician, other possible suspects and family members; and that tactical decisions were made about the questioning of witnesses, the presentation of evidence and the chosen lines of defense based on discussions with Veasley and the strength of the evidence against him. A claim of ineffective assistance of counsel is not judged by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance. *Hudson v. State*, 250 Ga. 479 (8) (299 SE2d 531) (1983). In all charges of ineffective counsel there is a critical distinction to be made between inadequate preparation and unwise choices of trial tactics and strategy. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). Inasmuch as it is apparent that Veasley cannot meet the requirements to demonstrate ineffective assistance of counsel outlined in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) (an appellant must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense), this enumeration of error lacks merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Sandra L. Michaels*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.