A02A2260, A02A2294. SANCHEZ v. THE STATE (two cases).
(577 SE2d 80)

ADAMS, Judge.

Gregorio Conde Sanchez appeals from the trial courts' denial of motions contesting the sentences entered against him in two separate cases. We affirm.

### Case No. A02A2294

The first case stems from a guilty plea entered by Sanchez on January 27, 1995, in response to an accusation charging him with aggravated assault and false imprisonment. On July 2, 2002, Sanchez filed a pro se motion to vacate the sentence entered on that plea as null and void. He argued that the trial court was without jurisdiction to enter a sentence on his plea because he never waived in writing his right to be indicted on the charged offenses. Sanchez appeals the trial court's denial of that motion.

OCGA § 17-7-70 (b) provides that "[j]udges of the superior court may open their courts at any time without the presence of either a grand jury or a trial jury to receive and act upon pleas of guilty in . . . felony cases, except those punishable by death or life imprisonment, when the judge and the defendant consent thereto." Neither of the felonies to which Sanchez pled guilty carries a penalty of life imprisonment or death, OCGA §§ 16-5-21 and 16-5-41, so with Sanchez's consent the trial judge was authorized to act upon the guilty plea.

At the plea hearing, the trial judge told Sanchez that he had the right to have his case presented to a grand jury and that by entering a guilty plea, he would waive that right. The judge then asked Sanchez, "Now, do you want to go to a Grand Jury or proceed today on the accusation?" Sanchez replied, "Proceed on the accusation."

This was a sufficient waiver of the right to indictment, as no written waiver is required in conjunction with a guilty plea. See *Balkcom v. McDaniel*, 234 Ga. 470, 471 (2) (216 SE2d 328) (1975). Thus, Sanchez's appeal in this case is without merit.

### Case No. A02A2260

The other case arises from Sanchez's 1996 convictions for seven counts of aggravated assault, seven counts of possession of a firearm during the commission of a crime, and one count each of criminal damage to property in the first degree, duty upon striking an unattended vehicle, operating a motor vehicle without proof of insurance, driving with a suspended license, escape, and possession of a firearm by a convicted felon.

Sanchez was charged with firing shots into the living room area of a mobile home containing seven people. He was tried before a jury in June 1996 and sentenced to a total of 175 years on the charges of aggravated assault and possession of a firearm during the commission of a crime, plus various concurrent sentences on the remaining charges. On May 15, 2002, Sanchez filed a pro se "Motion to Correct Void Sentences and Alternatively to Vacate Such Void Sentence," asserting that the seven counts of aggravated assault and seven counts of possession of a firearm should have merged because they were all part of one crime. Sanchez appeals the denial of his motion.

We find no merit to Sanchez's argument. He was found guilty of firing a gun at a mobile home containing seven people. "[Sanchez's] act of firing his weapon into the group made each individual in the group a separate victim. The seven aggravated assault [charges] of which [Sanchez] was found guilty do not merge because the offenses were committed upon different victims." *Pace v. State*, 239 Ga. App. 506, 509 (6) (521 SE2d 444) (1999). Similarly, because there were seven separate victims, Sanchez could be found guilty of seven separate charges of possessing a firearm during the commission of a crime. See *Gilchrist v. State*, 270 Ga. 287, 288 (2) (508 SE2d 409) (1998). Accordingly, the trial court properly denied the motion.

*Judgments affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 31, 2003.

Gregorio C. Sanchez, *pro se*.

*J. David Miller, District Attorney, James L. Prine II, James E. Hardy, Assistant District Attorneys*, for appellee.