## S05A1744. HOOKS v. THE STATE.
(626 SE2d 114)

MELTON, Justice.

Appellant Demetrius Hooks was convicted of malice murder, felony murder, aggravated assault, and possession of a firearm by a convicted felon arising out of the shooting death of Xavier Ballard.[1] He appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. The evidence at trial established that Ballard lived next door to appellant's girlfriend, Jessica Robinson. Prior to the shooting, appellant had discussed his scheme to rob and kill Ballard with an acquaintance, Germaine Gresham. On the day of the shooting, Ballard invited appellant to accompany him on a drug sale. As Ballard drove, appellant fatally shot him, causing the car to veer off of the road and hit a tree. The police found Ballard in the driver's seat of his vehicle with a single, close-range gunshot wound to the head. The back pocket of Ballard's cargo pants had been ripped open, and his blood-soaked wallet was strewn on the center console. After the shooting, appellant returned to Robinson's home where he changed his clothes and hid the blue jogging suit he had been wearing in Robinson's closet. Eyewitnesses to the incident told police that they observed only one individual dressed in a blue jogging suit at the scene and that they saw the individual "tuck something" under his shirt as he fled. Later that evening Gresham saw appellant in possession of a semi-automatic handgun as appellant disclosed to him that he had robbed and "dome called"[2] Ballard. Forensic testing of the apparel recovered from Robinson's closet revealed that the clothing was spattered with Ballard's blood. Appellant acknowledged he was with the victim at the time of the incident, but claimed an

---

[1] The crimes occurred on December 24, 2001. Hooks was indicted in the May 2003 term in DeKalb County and charged with malice murder, two counts of felony murder, aggravated assault, armed robbery, and possession of a firearm by a convicted felon. After the February 23-28, 2004 jury trial, the jury found Hooks guilty of all charged crimes, except armed robbery. The felony murder conviction was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993), and Hooks was sentenced to life imprisonment on the malice murder count and a consecutive five-year term on the possession count. Hooks filed a motion for new trial on March 15, 2004, which he amended on March 24, 2004, May 9, 2005, and May 17, 2005. The motion was denied on June 1, 2005, and a timely notice of appeal was filed on June 2, 2005. The case was docketed in this Court on July 11, 2005, and submitted for decision on the briefs.

[2] This term refers to shooting someone in the head.

unknown assailant perpetrated the shooting. Nine months after the incident the police recovered a .380 caliber Lorcin semi-automatic pistol hidden in some cinder blocks on Robinson's property. Although police could not make a conclusive determination as to whether the shell casings found inside Ballard's vehicle matched that particular weapon, ballistic evidence determined that the shell casings had been discharged from a .380 caliber weapon.

Appellant alleges the evidence was insufficient to support the convictions because the evidence was entirely circumstantial. To sustain a conviction based on circumstantial evidence, the evidence must exclude all reasonable hypotheses other than the defendant's guilt. OCGA § 24-4-6; *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). We conclude that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying on *Paxton v. State*, 160 Ga. App. 19 (285 SE2d 741) (1981), which holds that it is error to admit into evidence a weapon that has no connection to the crime or to the defendant, appellant asserts that the trial court erred in allowing the weapon recovered from his girlfriend's yard to be introduced into evidence. In *Paxton*, reversible error existed because admission into evidence of a gun unconnected to the crime impermissibly prejudiced the defense where proof that the defendant used a real gun, not merely a toy pistol, was essential to prove an element of the crime. Id. at 22-24 (6). In contrast, based on the testimony adduced at trial, the jury here would have been authorized to find that the gun introduced into evidence was the one used to shoot Ballard.

3. Appellant contends that his trial counsel was ineffective based on her failure to thoroughly cross-examine Gresham as to his motive for testifying, and her failure to object when the prosecutor inaccurately asserted during closing argument that appellant had used the slang term "dome call" during his direct testimony. The transcript reveals that the attorney extensively cross-examined Gresham's motive for testifying and that the jury was made aware that Gresham had been arrested, was facing considerable prison time, and had negotiated with the prosecutor regarding his testimony against appellant. Furthermore, the evidence at the hearing on the motion for new trial demonstrates that the absence of an objection during the State's closing argument was a tactical decision. A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight. *Veasley v. State*, 275 Ga. 516 (5) (570 SE2d 298) (2002). Inasmuch as appellant cannot show that his counsel's performance was deficient and that the deficient performance was prejudicial to

his defense, see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), this enumeration lacks merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 2006.

*Caprice R. Jenerson*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.