## A07A0827. LAWTON v. THE STATE.
### (645 SE2d 571)

BLACKBURN, Presiding Judge.

Following the denial of his motion to withdraw his guilty plea to trafficking in cocaine, possession of a firearm during the commission of a crime, and providing a false name and date of birth to police, Alasan Lawton appeals, contending that his trial counsel rendered ineffective assistance, which resulted in a manifest injustice. We disagree and affirm.

The record shows that in April 2005, police searched a house pursuant to a warrant and discovered Lawton, reaching for a loaded assault rifle, in a bedroom where digital scales, cocaine, and nearly $1,000 in cash were subsequently found. Lawton was arrested and indicted on five charges related to the weapon and the drugs. Lawton initially sought a jury trial, which was held in October 2005. However, during the jury's deliberation, Lawton elected to enter a negotiated plea of guilty, allowing him to avoid a potential life sentence as a recidivist. Approximately two weeks after he was sentenced in accordance with the negotiated plea, Lawton moved to withdraw his plea. Following a hearing at which Lawton argued his trial counsel was ineffective, the trial court denied his motion, giving rise to this appeal.

Because Lawton's sentence had already been pronounced, "withdrawal of [his] guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." (Punctuation omitted.) *McDowell v. State.*[1] "[I]n determining the motion, the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm." (Citation and punctuation omitted.) *Norris v. State.*[2]

Lawton contends that his conviction resulted in a manifest injustice because he received ineffective assistance of counsel at trial. See, e.g., *State v. Evans.*[3]

> In *Hill v. Lockhart*,[4] the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. The Court held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[5] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea.

(Punctuation omitted.) *Heyward v. Humphrey.*[6] "In evaluating an attorney's performance for the purpose of determining the first prong of the test, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation omitted.) *Brown v. State.*[7]

Here, Lawton argues that his trial counsel's performance was deficient in that his counsel failed to move to suppress evidence found pursuant to a search warrant that was based on an unsigned affidavit. However, at the hearing on Lawton's motion to withdraw, Lawton's trial counsel testified that because Lawton told him that Lawton did not live at the house where he and the drugs were found, trial counsel believed Lawton did not have standing to challenge the warrant. See, e.g., *United States v. Salvucci*[8] ("an illegal search only violates the rights of those who have a legitimate expectation of

---

[1] *McDowell v. State*, 282 Ga. App. 754, 755 (639 SE2d 644) (2006).

[2] *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006).

[3] *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

[4] *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Heyward v. Humphrey*, 277 Ga. 565, 566 (592 SE2d 660) (2004).

[7] *Brown v. State*, 280 Ga. App. 767, 771 (1) (634 SE2d 875) (2006).

[8] *United States v. Salvucci*, 448 U. S. 83, 91-92 (II) (B) (100 SC 2547, 65 LE2d 619) (1980).

privacy in the invaded place") (punctuation omitted). According to trial counsel, Lawton told him that Lawton was briefly visiting a girl at the house where the drugs were found, that the drugs were not his, and that he did not have any control over them. This account is corroborated by Lawton's earlier pro se motion to withdraw his guilty plea, which stated that Lawton did not live at the house and did not possess the drugs. Therefore, the trial attorney believed that to establish standing to challenge the search warrant he would have had to contradict this information. Although Lawton disputed those facts at the hearing on the motion to withdraw, the trial court, which sat as the finder of fact for purposes of the withdrawal hearing, was entitled to disbelieve him, which the court expressly did in its order. See *Norris v. State*, supra, 277 Ga. App. at 292 (1); *Rios v. State*.[9]

"A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight." *Hooks v. State*.[10] Lawton now points to evidence made available to trial counsel during discovery that tended to show that Lawton did live at the house, in contradiction of Lawton's statements to his attorney (and Lawton's pro se motion to withdraw his plea). However, Lawton's trial counsel testified that, in light of the statements by Lawton that he did not live in the house, and because several other people were linked to the house, trial counsel pursued an "equal access" strategy of distancing Lawton from the house and the drugs, instead of associating Lawton with the house in contradiction of what his client had told him. In light of the representations made by Lawton to his trial counsel, such a strategic decision did not fall outside the wide range of reasonable professional assistance acceptable at trial. Accordingly, as Lawton did not satisfy the *Strickland* standard for demonstrating ineffective assistance of counsel, the trial court correctly denied Lawton's motion to withdraw his plea.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 12, 2007 —

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Russell B. Mabrey, Jr., Assistant District Attorney*, for appellee.

---

[9] *Rios v. State*, 281 Ga. 181, 182 (2) (637 SE2d 20) (2006).
[10] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).