A07A2015. JACKSON v. THE STATE.
(655 SE2d 323)

MILLER, Judge.
Following his entry of a blind plea to a burglary charge, Mark Jackson was sentenced to 20 years in prison. Jackson filed a motion to withdraw his plea, which was denied by the trial court. Jackson appeals, contending that his plea was invalid because his two trial attorneys each rendered ineffective assistance. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1)

(507 SE2d 514) (1998). So viewed, the record shows that on July 28, 2003, Jackson offered to help his 65-year-old neighbor, who was locked out of her residence. While working on the lock, Jackson apparently left a screw inside the deadbolt to prevent the door from being locked.

Later that evening, while Jackson's neighbor was upstairs, Jackson entered her home through the unlocked door. The neighbor reported that Jackson approached her in her bedroom, grabbed her, and told her "he was going to f--- her." Jackson's neighbor was able to escape, but he followed her outdoors, continued to try to touch her, and repeatedly said "I'm going to f--- you." Jackson was not arrested immediately, but was charged a few weeks later with criminal trespass and sexual battery. Those misdemeanor charges were filed in the State Court of Fulton County.

On August 16, 2003, approximately three weeks after the incident at his neighbor's home, Jackson approached a ten-year-old girl at a department store. After asking the girl if she had a boyfriend or if she wanted a boyfriend, he asked her if she had ever had someone "stick his [penis] in her [vagina]." When the girl attempted to leave, Jackson tried to grab her, and he continued to pursue the girl until she ran to her mother. Following his arrest, Jackson was charged with child molestation in the Superior Court of Fulton County.

Jackson's mother retained an attorney to represent him in connection with both the molestation charge and the misdemeanor charges arising out of the incident at his neighbor's house. That attorney apparently did nothing to bring the misdemeanor charges, which were still pending in state court, to the attention of the superior court judge handling the child molestation case. Because the family of the ten-year-old victim did not want her to go through a criminal trial, the superior court judge accepted a negotiated plea agreement for the child molestation charge and sentenced Jackson to five years to be served on probation.

In November 2004, Jackson was arrested for violating the terms of his probation. At the probation revocation hearing, Jackson's new counsel apparently did not inform the judge that misdemeanor charges against Jackson remained pending in state court.

In January 2006, Jackson was indicted for burglary, attempted rape, and sexual battery in connection with the July 2003 incident at his neighbor's house. The misdemeanor charges related to that incident, which had been pending in the State Court of Fulton County for approximately three and a half years, were placed on the dead docket.

On July 12, 2006, Jackson appeared before the same judge who had accepted his plea in the child molestation case to enter a blind

plea on the burglary charge. Jackson acknowledged that he understood that the attempted rape and sexual battery charges had been placed on the dead docket. The trial judge ensured that Jackson understood the many rights he was waiving by pleading guilty and that he would not be allowed to withdraw his plea after it was entered and the sentence was imposed, and Jackson stated that he was satisfied with the representation provided by his attorney. Jackson also acknowledged his understanding that he could be sentenced to one to twenty years in prison as a result of his plea and that the term of his sentence would be in the sole discretion of the trial judge. Following Jackson's guilty plea, the trial judge sentenced him to the maximum 20 years to serve on the burglary charge.

Jackson filed a motion to withdraw his guilty plea to the burglary charge, which the trial court denied. Jackson appeals, claiming that his plea was invalid because he had received ineffective assistance of counsel. We disagree.

In *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. That Court

> held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Punctuation and footnotes omitted.) *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

Here, Jackson claims that his counsel was ineffective in failing "to take any action concerning the misdemeanor charges, . . . to prepare fully for the plea, and . . . to investigate or anticipate the ramifications of the previous plea involving [the molestation charge]." Jackson, however, called neither of his prior counsel to testify at the hearing on his motion to withdraw his plea. As a result, the record is silent as to what actions were taken by counsel to prepare for the plea or to investigate "the ramifications of the previous plea," and Jackson is unable to establish deficient performance as to those claims. See *Whitesides v. State*, 266 Ga. App. 181, 189 (4) (596 SE2d 706) (2004)

(if the claim of ineffectiveness relates to matters outside of the record, defense counsel's testimony generally will be needed to evaluate the claim).

Moreover, while Jackson claims that his counsel was deficient in failing to address the misdemeanor charges related to the incident at his neighbor's house before he was charged with burglary and attempted rape, "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation and footnote omitted.) *Davis v. State*, 280 Ga. 442, 443 (2) (629 SE2d 238) (2006) (also noting that "[w]here trial counsel does not testify at the motion for a new trial hearing, it is extremely difficult to overcome this presumption") (punctuation and footnote omitted). Here, trial counsel may not have brought such charges to the attention of the judge handling Jackson's child molestation case because she feared that the court would not accept the negotiated plea on the child molestation charge if he learned of those charges or the underlying incident between Jackson and his 65-year-old neighbor. In addition, trial counsel may have reasonably believed that the misdemeanor charges would remain pending in the State Court of Fulton County until the statute of limitation for the potential felony charges had run.

Jackson's claim of ineffective assistance must be judged by whether counsel rendered reasonably effective assistance, not by a standard of "errorless counsel or by hindsight." (Citation omitted.) *Veasley v. State*, 275 Ga. 516, 519 (5) (570 SE2d 298) (2002). While Jackson was naturally displeased when the trial judge accepted his blind plea and then sentenced him to the maximum 20 years to serve on the burglary charge, such a sentence does not render his counsel ineffective. See id. As a result, the trial court's determination as to the effectiveness of counsel was not clearly erroneous (*Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996)) and the trial court properly denied Jackson's motion to withdraw his guilty plea. *Lawton v. State*, 285 Ga. App. 45 (645 SE2d 571) (2007).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 4, 2007.

*Little & Crumly, Samuel F. Little, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Kenneth L. Hutcherson, Assistant District Attorneys*, for appellee.