## A09A0546. VAUGHN v. THE STATE.
(680 SE2d 680)

ADAMS, Judge.

Jason Paul Vaughn appeals the denial of his motion to withdraw his guilty plea to one count of criminal attempt to manufacture methamphetamine, one count of possession of methamphetamine, and one count of possession of altered ephedrine.

Vaughn entered his nonnegotiated plea on March 5, 2007. He signed an "Affidavit — Plea of Guilty" form in connection with that plea, which informed him, inter alia, that he had a right to have his sentence reviewed by a three-judge sentence review panel under then-existing OCGA § 17-10-6. Sentencing on the plea was postponed to allow for a pre-sentence investigation. Prior to the sentencing, however, on July 1, 2007, the Georgia General Assembly repealed OCGA § 17-10-6 and enacted OCGA § 17-10-6.3. Ga. L. 2007, pp. 595, 596, §§ 2, 3. The new statute terminated the right of a defendant sentenced after July 1, 2007, to have his sentence reviewed by a three-judge panel.[1] OCGA § 17-10-6.3 (b); *Sentence Review Panel v. Moseley*, 284 Ga. 128, 129 (1) (663 SE2d 679) (2008).

On November 19, 2007, the trial judge sentenced Vaughn to a total of 30 years on the charges, with 25 years to serve.[2] Vaughn filed a motion to withdraw his guilty plea on December 14, 2007, asserting that his plea was not knowingly and voluntarily entered. He also asserted that his counsel was ineffective in failing to inform him prior to sentencing of the change in the law that terminated his right to a sentence review.

At the hearing on the motion to withdraw, Vaughn's attorney acknowledged that he never discussed the abolition of the sentence review panels prior to Vaughn's sentencing, and Vaughn testified that had he known that his sentence would not be reviewed, he would not have pled guilty. Vaughn said that at the time he entered

---

[1] OCGA § 17-10-6.3 (b) provides:

The right of a defendant to have a sentence reviewed by a three-judge panel shall be terminated for sentences imposed by a trial or appellate court on or after July 1, 2007. No new application for review of a sentence shall be transmitted to the three-judge panel on or after July 1, 2007, except for cases in which a sentence was imposed prior to July 1, 2007.

[2] The trial judge allowed Vaughn to remain out on bond pending the pre-sentence investigation. But in between his conviction and his sentence, Vaughn was arrested on a separate drug-related offense and was in custody on that charge when he was sentenced in this case.

YALE LAW LIBRARY

his plea he expected a sentence of six months in a detention center, and fifteen years on probation, which was the sentence offered by the State in plea negotiations. Vaughn asserts that he never refused that offer, and when he received a 30-year sentence, he wanted to withdraw his plea.

Vaughn's attorney testified, however, that Vaughn, in fact, rejected the State's offer, and the attorney annotated the plea affidavit form to reflect that the plea was "non-negotiated." Vaughn admitted initialing that annotation. Moreover, at the March hearing on his plea, the trial judge asked Vaughn if he understood that there was no "set recommendation" in the case, and Vaughn told the judge that he understood. And the plea affidavit form informed Vaughn that the minimum sentence he could receive was "10 y[ea]rs all counts included," and the maximum was a total of 66 years on all the counts.[3]

After considering this evidence, the trial judge denied the motion to withdraw the guilty plea and specifically found that Vaughn's counsel was effective in representing him in connection with the guilty plea and sentence. The judge directed that the order on the motion should recite the court's finding that Vaughn tailored his testimony in support of his motion to withdraw based upon the change in the law regarding sentence reviews, that "[h]e just — in the Court's opinion plagiarized his testimony."

A ruling on a motion to withdraw a guilty plea "lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion." (Citation and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003). After sentencing, a guilty plea may be withdrawn only to correct a manifest injustice. Uniform Superior Court Rule 33.12 (A); *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005). And although the State bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily, where a defendant alleges ineffective assistance of counsel as the basis for withdrawal "the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." (Citation omitted.) *Schlau v. State*, 282 Ga. App. 460, 463 (5) (638 SE2d 895) (2006).

Here, the record from both the plea hearing and the hearing on the motion to withdraw supports a finding that Vaughn entered his plea knowingly, intelligently and voluntarily. And we find that

---

[3] A footnoted notation also recited the maximum Vaughn could receive on each count, which, when added together, amounted to 66 years.

Vaughn failed to carry his burden of establishing that but for his trial counsel's failure to inform him of the repeal of OCGA § 17-10-6, he would have insisted upon a trial. The evidence supported a finding that Vaughn rejected the State's plea offer and instead entered into a nonnegotiated plea. When Vaughn made the decision to enter that plea, he was aware that the State was making no recommendation of sentence and that he had the potential to receive a maximum sentence of 66 years. The availability of a sentence review did not alter the possibility that Vaughn could potentially be required to serve up to 66 years in prison. Although Vaughn's testimony contradicted that of his trial counsel on some of these points, "factual determinations are for the trial court, and we accept the trial court's determination unless clearly erroneous." (Citations omitted.) *Schlau v. State*, 282 Ga. App. at 463 (5). We cannot say that the trial court was clearly erroneous in its finding that Vaughn's testimony was not credible, nor can we say that the trial court was clearly erroneous in finding that his trial counsel rendered effective assistance in connection with the guilty plea. See *Jackson v. State*, 288 Ga. App. 742, 745 (655 SE2d 323) (2007). "While [Vaughn] was naturally displeased when the trial judge accepted his blind plea and then sentenced him to [30 years, 25 years to serve on the drug charges], such a sentence does not render his counsel ineffective." (Citation omitted.) Id.

Moreover, Vaughn had no constitutional right to a sentence review by a three-judge panel. Indeed, after Vaughn's sentence was imposed, the Supreme Court of Georgia held that former OCGA § 17-10-6 was unconstitutional. The Court found that the General Assembly lacked the constitutional authority to divest the state's trial courts of their established jurisdiction over sentencing by creating a quasi-appellate tribunal to review and alter otherwise lawful sentences imposed by those trial courts. *Sentence Review Panel v. Moseley*, 284 Ga. at 129-131 (1).

Accordingly, we find no manifest abuse of discretion by the trial court in denying Vaughn's motion to withdraw his guilty plea.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 1, 2009 —

*Timothy M. Perry, Albert C. Palmour, Jr.*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Jana W. Allen, Assistant District Attorneys*, for appellee.