## A09A1970. HUBBARD v. THE STATE.
(687 SE2d 589)

MIKELL, Judge.

After Willie Hubbard, Jr., entered a nonnegotiated guilty plea to criminal attempt to commit child molestation, the trial court sentenced him to ten years, including four to serve in confinement. Thereafter, Hubbard filed a motion to withdraw his plea, arguing, inter alia, (1) that he did not enter the plea knowingly and voluntarily because he believed that he would receive a sentence of two years' probation in exchange for the plea; and (2) that his plea was defective because he was incorrectly advised that the sentencing range for the offense was two to ten years, instead of one to ten years. Following a hearing, the trial court denied Hubbard's motion. In his sole enumeration of error on appeal, Hubbard asserts that he did not understand the consequences of his plea because he was misinformed of the minimum sentence. Because Hubbard testified at the hearing on the motion to withdraw his plea that it would not have made any difference to him had he known of the correct minimum sentence, we conclude that the trial court did not manifestly abuse its discretion in denying his motion. Accordingly, we affirm the judgment.

Once a defendant challenges the validity of a guilty plea, the state must show that the plea was entered voluntarily, knowingly, and intelligently,[1] that is, "that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea."[2] After sentence has been pronounced, a guilty plea may be withdrawn only to correct a manifest injustice.[3]

> The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.[4]

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court, and we will not disturb that ruling absent a manifest abuse of that discretion.[5] "Of course, in determining the motion, the trial court is the final arbiter of all factual

---

[1] *Bazemore v. State*, 273 Ga. 160, 161 (1) (535 SE2d 760) (2000).

[2] (Citations omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

[3] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

[4] (Citation and punctuation omitted.) Id.

[5] *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006).

disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[6]

Under Uniform Superior Court Rule 33.8 (C), a trial judge should not accept a guilty plea without first informing the defendant of the maximum possible sentence and any mandatory minimum sentence. Hubbard was indicted for child molestation, which carries a sentence of imprisonment of not less than five nor more than twenty years for a first offense.[7] At the plea hearing, the court informed Hubbard, who was represented by counsel, that the prosecutor would permit him to enter a plea to attempted child molestation, which "carries a penalty of two to ten years in the penitentiary." Under OCGA § 16-4-6 (b), however, a person convicted of criminal attempt to commit a felony "shall be punished by imprisonment for not less than *one* year nor more than one-half the maximum period of time for which he or she could have been sentenced if he or she had been convicted of the crime attempted."[8] Thus, Hubbard faced a sentence of between one and ten years. Hubbard was correctly advised that the maximum penalty for the offense was ten years, but he was incorrectly informed that the minimum sentence was two years.

After the trial court accepted Hubbard's guilty plea, the state conducted a presentence investigation. At the sentencing hearing, the prosecutor advised the court that the state agreed to allow Hubbard to plead to the lesser offense because the mother of the victim, who was five years old, did not want the child to testify. The trial court sentenced Hubbard to ten years, with four to serve in prison. Hubbard then moved to withdraw his plea.

At the hearing held on the motion, Hubbard testified that he sought to withdraw the plea because he had believed that he would be sentenced to a total of two years on probation. When asked whether he understood the sentencing range, Hubbard replied that plea counsel had stated that it carried a ten-year maximum. Hubbard also testified that he did not recall being advised by the court that the sentencing range was "two to ten." Appellate counsel then asked him the following question: "Okay. If you had known that it was actually a one to ten sentence, would that have made any difference to you in deciding to go to trial or take a plea, if you'd known attempted child molestation only had a minimum of one [year]?" Hubbard replied, "No." Although Hubbard testified differently upon further questioning by his attorney, when counsel again

---

[6] (Citation and punctuation omitted.) Id.

[7] OCGA § 16-6-4 (b) (1).

[8] (Emphasis supplied.)

asked Hubbard on redirect whether it would have made any difference to him if the court had advised him that the sentence was one to ten, Hubbard testified, "No, but it would have made a difference on me accepting a sentence to go to jail." Hubbard explained that he believed that there would be a plea recommendation for probation. In denying Hubbard's motion to withdraw his plea, the trial court concluded that its error in misinforming him that the sentencing range was two to ten instead of one to ten was harmless. The evidence authorized this finding.

Hubbard contends that this case is controlled by *Johnson v. State*.[9] In *Johnson*, we reversed the judgment of conviction entered on the defendant's nonnegotiated guilty plea because the record did not show that he was advised of the mandatory nature of the life sentences to which he subjected himself by pleading guilty.[10] We held that the defendant must have "full knowledge of the consequences" of the plea, including "information about the range of punishment he faces."[11]

*Johnson* is distinguishable in two important respects. Here, the trial court's error in advising Hubbard that the charge carried a minimum two-year sentence, rather than a minimum one-year sentence, does not warrant reversal because the sentence imposed on him exceeded the statutory minimum sentence.[12] Moreover, Hubbard conceded at the hearing that, had he been correctly informed that the minimum sentence was one year, it would have made no difference to him.[13] Under these circumstances, we cannot say that a manifest injustice exists warranting withdrawal of his plea.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 7, 2009 —
RECONSIDERATION DENIED DECEMBER 2, 2009 — 

*John G. Edwards, Thomas C. Blaska*, for appellant.

---

[9] 227 Ga. App. 390 (489 SE2d 138) (1997).

[10] Id. at 390-392 (1).

[11] Id. at 391 (1).

[12] See generally *Bess v. State*, 235 Ga. App. 372, 373 (1) (508 SE2d 664) (1998) (affirming convictions on negotiated guilty pleas where, although trial court failed to advise the defendants of the mandatory minimum sentence or the lack of parole eligibility, the defendants received the bargained-for sentences and those sentences exceeded the mandatory minimum).

[13] In his withdrawal motion and at the hearing held thereon, Hubbard argued that plea counsel rendered ineffective assistance. In order to show prejudice warranting a new trial on the basis of ineffective assistance of counsel, a defendant must establish the reasonable probability that, but for his counsel's errors, he would have proceeded to trial rather than enter a guilty plea. *State v. Sabillon*, 280 Ga. 1, 3 (622 SE2d 846) (2005). Here, Hubbard cannot establish prejudice.

*J. David Miller,* District Attorney, *Laura A. Wood,* Assistant District Attorney, for appellee.