### A09A1559. WILSON v. THE STATE.
(691 SE2d 308)

DOYLE, Judge.

Melvin Wilson, proceeding pro se, appeals the Douglas County Superior Court's denial of his motion to withdraw his nonnegotiated guilty plea to three counts of possession of a firearm by a convicted felon[1] for which the court sentenced him to serve five years concurrently for each count in confinement. Wilson contends that (1) the trial court erred by denying his motion to withdraw his guilty plea because it was not knowingly and voluntarily entered; (2) his constitutional right to proper notice of the charges in the form of an indictment was violated; (3) the evidence was insufficient to support the accusations; (4) the convictions constitute a double jeopardy violation; and (5) his trial counsel was ineffective. For the reasons that follow, we affirm.

1. Wilson argues that the trial court erred by denying his motion to withdraw his guilty plea because it was not knowingly and voluntarily entered into. Specifically, Wilson contends that he did not understand that he was subject to a higher possible sentence than five years with two to serve. We disagree.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court, and we will

---

[25] See *In the Interest of A. G.*, supra at 388 (5).
[1] OCGA § 16-11-131 (b).

not disturb that ruling absent a manifest abuse of that discretion. Of course, in determining the motion, the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm.[2]

Generally, a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice — ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea.[3] The State must show that the plea was knowingly, voluntarily, and intelligently entered into by showing "through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea."[4]

A review of the plea hearing transcript shows that the State reviewed with Wilson the accusation and affirmed on the record that he understood that he would be pleading guilty without any negotiated recommendation from the State and that the State sought to sentence him as a recidivist. While doing so, the State informed Wilson both of the maximum punishment of 15 years and maximum fine of $300,000 as to the charges. The State then confirmed that Wilson signed a waiver of rights form and that his attorney went over the form with him. In response to questions from the State, Wilson stated that he understood that he was giving up his right to a jury trial, his right against self-incrimination, his right to a presumption of innocence, his right to require the State to prove its case beyond a reasonable doubt, his right to confront witnesses, his right to subpoena witnesses and present evidence on his own behalf, and his right to testify on his own behalf or to remain silent. Wilson also responded positively when asked whether he was entering the plea freely and voluntarily, and he denied that anyone had made any promises to him or threatened him in any way in order to force him to plead guilty.

The State then set forth the substantive factual basis for the charges against Wilson and presented the trial court with certified copies of Wilson's prior felony convictions listed in each of the three counts of the accusation. Following the State's proffer of the evidence, the trial court accepted the plea, stating that there was a

---

[2] (Punctuation and footnote omitted.) *Hubbard v. State*, 301 Ga. App. 388 (687 SE2d 589) (2009).

[3] See id.

[4] (Punctuation omitted.) *Williams v. State*, 296 Ga. App. 270, 271 (1) (a) (674 SE2d 115) (2009).

factual basis for the guilty plea and noting the plea was freely, voluntarily, and knowingly entered.

Given this evidence, the State met its burden of showing that Wilson's plea was freely and voluntarily entered, that he understood the nature of the charges against him, and that he was aware of the consequences of his plea.[5] Wilson's contention that he did not understand that he was pleading guilty without a plea agreement or that he was promised a sentence of five years with two to serve conflicts with his testimony at the plea hearing that he was entering the plea without a negotiated agreement. Moreover, Wilson's trial counsel testified at the hearing for the motion to withdraw the guilty plea, explaining that just prior to going to trial, she conveyed to Wilson a State offer of five years with three to serve, which he did not wish to accept, and she explained the only way to get a sentence of five years with two to serve was to enter a nonnegotiated plea and ask the court to impose such a sentence without the agreement. Accordingly, we discern no abuse of discretion in the trial court's decision to deny Wilson's motion to withdraw his guilty plea based on the plea being unknowingly or involuntarily entered.

2. Next, Wilson contends that his constitutional right to proper notice of the charges against him was violated because he did not validly waive his right to be indicted by a grand jury. We find no error.

Normally, a defendant may be tried based on an accusation if the defendant has agreed in writing to a waiver of indictment by a grand jury.[6] However, if, as here, a defendant has entered a guilty plea, then "such plea would waive any defense known and unknown, and this would include any deficiency in the written waiver" requirement.[7] Accordingly, Wilson's enumeration is without merit.

3. Wilson also contends that the State did not present sufficient evidence to support the charges. Again, however, because Wilson knowingly and voluntarily entered his guilty plea, we will not consider this challenge because he has waived "all defenses, known or unknown."[8]

4. Wilson argues that his convictions constitute a double jeopardy violation because he was convicted of three counts of being a felon in possession of a weapon based on a single instance of behavior; in other words, Wilson contends that the counts should have merged. Here again, if "a criminal defendant pleads guilty to

---

[5] See id. at 272 (1) (a); *Vaughn v. State*, 298 Ga. App. 669, 669-670 (680 SE2d 680) (2009).

[6] See OCGA § 17-7-70 (a).

[7] *Balkcom v. McDaniel*, 234 Ga. 470, 471 (2) (216 SE2d 328) (1975). See also *Sanchez v. State*, 259 Ga. App. 400, 400-401 (577 SE2d 80) (2003).

[8] (Punctuation omitted.) *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002).

counts of an indictment alleging multiple criminal acts, and willingly accepts a specified sentence as to properly charged counts, he waives any claim that there was in fact only one act and that the resulting sentence is void on double jeopardy grounds."[9]

5. Wilson maintains that trial counsel was ineffective because she failed to inform him of the potential sentence or fine that he faced or that his plea was nonnegotiated and failed to inform him that he had the right to a formal indictment.[10] We disagree that Wilson can establish that counsel was ineffective for any of these reasons.[11]

> In order to show prejudice warranting a new trial on the basis of ineffective assistance of counsel, a defendant must establish the reasonable probability that, but for his counsel's errors, he would have proceeded to trial rather than enter a guilty plea. Here, [Wilson] cannot establish prejudice.[12]

The record establishes that, prior to entering the guilty plea, Wilson's counsel explained to him the nature of the nonnegotiated plea, and Wilson understood the consequences of the plea, including that the trial judge had discretion to sentence him to serve a term of up to 15 years and that the maximum possible fine was $300,000.[13] The record does not support Wilson's claim that counsel deceived him about the length of the sentence that could be imposed or the amount of the fine,[14] and as established in Division 1 of this opinion, there was no error in the trial court's finding that Wilson's plea was knowingly and voluntarily entered. Additionally, Wilson has failed to show that he would not have pleaded guilty had his attorney

---

[9] (Punctuation omitted.) *Carr v. State*, 282 Ga. App. 134, 136 (637 SE2d 835) (2006). See also *Glover v. State*, 258 Ga. App. 527, 529 (574 SE2d 565) (2002).

[10] To the extent that Wilson contends that his counsel was ineffective for failing to inform him about statutory requirements for imposing a recidivist sentence or for allowing him to plead guilty to three counts that should have been merged for sentencing (which Wilson styles as a double jeopardy violation), Wilson's claim is procedurally barred because he failed to raise these claims before the trial court. If "the issue of trial counsel's effectiveness has been raised . . . any claims of ineffective assistance by trial counsel not raised at that time are waived." (Punctuation omitted.) *Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006).

[11] The State claims that Wilson did not raise any grounds of ineffective assistance of counsel before the trial court, and this Court should, therefore, decline to review this enumeration of error. However, Wilson's pro se motion to withdraw his guilty plea raised the issue of ineffective assistance of counsel, which motion was incorporated by appellate counsel into her motion to withdraw guilty plea. Accordingly, we find that Wilson raised the issue of ineffective assistance of counsel before the trial court.

[12] (Citation omitted.) *Hubbard*, 301 Ga. App. at 390, n. 13.

[13] See *Vaughn*, 298 Ga. App. at 670-671.

[14] See *Brantley v. State*, 290 Ga. App. 764, 765 (660 SE2d 846) (2008).

explained that he had the right to a formal indictment rather than an accusation or how he was otherwise prejudiced by the lack of a formal indictment.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

## DECIDED FEBRUARY 23, 2010.

Melvin Wilson, *pro se.*

David McDade, *District Attorney, Benjamin Von Schuch, Assistant District Attorney*, for appellee.