A05A0556. PAYNE v. THE STATE.

(610 SE2d 572)

MIKELL, Judge.

Frederick Donald Payne, Jr., was indicted for trafficking in cocaine, sale of cocaine, and distribution of a controlled substance near public housing.[1] He entered a negotiated plea to all of the charges and was sentenced to 35 years, with 20 to be served in confinement and the balance on probation. Payne subsequently filed a pro se motion to withdraw his guilty plea, alleging that it was not made knowingly, intelligently, or voluntarily because he was denied effective assistance of counsel. New counsel was appointed to represent him on his pending motion. Following an unreported hearing, the trial court denied the motion, finding that Payne's plea was freely, knowingly, intelligently, and voluntarily entered. This pro se appeal followed. We affirm the judgment of the trial court.

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient

---

[1] While Payne was in custody on the drug charges, he was involved in a "jailhouse fight" and charged with aggravated assault. A jury found Payne guilty of aggravated assault.

representation, a reasonable probability exists that he would have insisted on a trial.

(Punctuation and footnotes omitted.) *Hill v. State*, 267 Ga. App. 357-358 (599 SE2d 307) (2004).

A review of the record shows that Payne executed a petition to enter a plea of guilty on March 12, 2004. In that petition, Payne attested that he had 11 years of education; that he was not under the influence of alcohol or drugs; that he had received a copy of the indictment in the case; that he understood the charges against him; that his attorney had advised him of the nature of the charges and any possible defenses; that his plea was not influenced by any promise or threat; that he understood that by pleading guilty, he could be imprisoned; that he had been advised of the maximum punishment allowed by law;[2] and that he had the right to plead not guilty, including the right to trial by jury, the presumption of innocence, the right to confront witnesses, the right to subpoena witnesses and to testify and offer other evidence, the right to assistance of trial counsel, and the right to testify or not testify. Payne also attested that he was satisfied with his attorney's services and that his attorney had reviewed all the questions in the petition and gone over all of his answers with him. Payne's attorney also executed the petition and acknowledged that he had explained to Payne the charges in the indictment and the maximum allowed punishment. He further attested that Payne's plea of guilty was voluntary and understandably made.

At the plea hearing three days later, Payne acknowledged that he signed the petition freely and voluntarily; that he reviewed each of the questions on the petition before signing it; that he understood each of the questions and answered them truthfully; that he was satisfied with his attorney ("[b]est as I can, yes, sir"); that he understood the charges against him; and that he could be sentenced up to 30 years each on the trafficking and sale offenses and up to 20 years on the charge of distribution near public housing. Payne also expressly stated that no promises or threats had influenced his decision to plead guilty. The trial judge then enumerated all the rights that Payne waived by his decision to enter a plea. Payne then acknowledged committing the crimes for which he was charged and indicated his wish to plead guilty on all three charges. The trial court accepted Payne's guilty plea and imposed the negotiated sentence.

---

[2] Even though the petition does not specify the maximum sentence allowed, on January 22, 2004, Payne filed a pro se motion for appointment of additional attorney or appointment of more competent attorney, in which he states that if convicted he is eligible for a life sentence without parole.

"After the trial court accepts a plea based on these procedural safeguards, a defendant seeking to withdraw a plea must prove that withdrawal is necessary to correct a manifest injustice." (Citation, punctuation and footnote omitted.) *Jones v. State*, 268 Ga. App. 723, 725 (2) (603 SE2d 73) (2004). Payne apparently contends that his case meets this standard because his attorney, Bradford Morris, Jr., was ineffective in several ways: (1) Morris never met with Payne to discuss the case and did not file motions or allow Payne access to discovery in the case; (2) Morris pressured Payne into pleading guilty because he was not prepared for trial; (3) Morris was offended that Payne filed a motion for a more competent attorney; and (4) Morris, who also represented Payne in the trial on the charge of aggravated assault, was offended that Payne requested appointment of another attorney to represent him in the appeal of that conviction, which alleged ineffective assistance of trial counsel. He claims that but for counsel's deficient performance in this case and the aggravated assault case, which Morris lost, he would not have pled guilty. He further complains that the trial court should have acknowledged the existence of a conflict and granted his motion for a more competent attorney. This argument is not supported by the record.

Regardless of the allegations raised in his motion to withdraw his plea, the transcript of Payne's plea hearing shows clearly that the plea was entered voluntarily and that Payne fully understood what he was doing at the time he pled guilty. Prior to his plea, Morris discussed with Payne all of the charges against him; the state's burden at trial and possible defenses; the maximum allowed sentence; and the possible consequences of a guilty plea. Moreover, when Payne entered his guilty plea, the trial court specifically asked if he was satisfied with the services rendered by Morris, and Payne responded affirmatively; Payne did not raise any of the issues he now raises in his motion or state that he was pressured by Morris to plead guilty.

Additionally, there is no evidence that Morris was unprepared, unresponsive to Payne, or otherwise incompetent or unwilling to represent him in this case. On the contrary, the record reflects that Morris filed several motions on Payne's behalf: (1) motion for pretrial disclosure of evidence of independent and separate offenses, wrongs or acts; (2) demand for list of witnesses and copy of indictment; (3) motion for pretrial *Jackson v. Denno*[3] hearing; (4) motion to reveal informant identity under *Moore*;[4] and (5) motion to suppress. The fact that Morris "lost" Payne's aggravated assault trial does not render

---

[3] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] *Moore v. State*, 278 Ga. 397 (603 SE2d 228) (2004).

him incompetent to represent Payne in this case. Finally, without a hearing transcript, we must assume that the evidence supported the trial court's findings.

Because the transcript of the plea hearing affirmatively shows that Payne entered his guilty plea intelligently and voluntarily, the trial court did not abuse its discretion in refusing to allow Payne to withdraw his plea. See *Hill*, supra.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2005.

Frederick D. Payne, Jr., *pro se.*
*Jason J. Deal, District Attorney*, for appellee.