## A05A1222. HOWARD v. THE STATE.
(619 SE2d 363)

ANDREWS, Presiding Judge.

Jackson Thomas Howard pled guilty to voluntary manslaughter. Howard requested and the trial court granted him an out-of-time appeal in which he argues that he received ineffective assistance of counsel at the time of the plea agreement. After reviewing the record, we conclude there was no reversible error and affirm.

The underlying facts are that Howard and the victim Brandon Bridges were in a room with several other people when Bridges reached into his pocket for a cigarette lighter. In doing so, he brushed against the girl beside him, who was a close friend of his. She told Bridges "don't grab my butt." Howard said, "Yeah, that's a good way to get shot." Bridges said, "so shoot me." Howard pulled out a gun and pulled the hammer back. Bridges said, "No, if you are going to do that, just put it to my head." Howard walked over to Bridges and put the gun to his head. Bridges counted to three and Howard shot him.

Howard was charged with malice murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony. In a negotiated plea deal, Howard pled guilty to voluntary manslaughter and the State dropped the other three counts. He now claims there was no evidence to support a plea of voluntary manslaughter because the shooting was an accident and he did not intend to fire the gun at Bridges. Howard argues that he did not understand that the crime of voluntary manslaughter had the element of intent. Also, he contends that if his attorney had told him that accident was a defense to the crime charged, he would never have pled guilty. He also claims that the plea should have been involuntary manslaughter, not voluntary manslaughter.[1]

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient

---

[1] Howard claims that he and counsel agreed on a plea to involuntary manslaughter, citing to counsel's statement at the hearing on the motion for new trial. But, the court reporter submitted an amended transcript prefaced by a statement that she made a transcription error, and counsel actually stated that he and Howard decided to go with a plea to voluntary manslaughter.

representation, a reasonable probability exists that he would have insisted on a trial.

*Payne v. State*, 271 Ga. App. 619, 619-620 (610 SE2d 572) (2005).

The transcript of the plea hearing shows that the trial court questioned Howard at length about his decision to plead guilty. Howard stated that he understood that the plea was the result of negotiations and in return for his guilty plea to voluntary manslaughter, the State was dropping the other three counts in the indictment.

At the hearing on Howard's motion for new trial, defense counsel testified and stated that he went over the voluntary manslaughter statute with Howard and explained intent to him. When asked if Howard understood, counsel replied that it appeared to him that he did. Defense counsel also stated that there were witnesses who would testify that they did not believe Howard was joking when he pointed the gun at Bridges, and that there had been a confrontation between Howard and Bridges on a previous occasion. Therefore, he and Howard decided to take the offer of voluntary manslaughter rather than risk a murder conviction.

A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous. *Strickland v. Washington*, 466 U. S. 688 (104 SC 2052, 2064, 80 LE2d 674) (1984). In this case, the record shows that Howard's plea was freely and voluntarily made. In addition, the trial court was entitled to believe counsel's testimony that he adequately informed Howard of the consequences of the plea, over Howard's testimony that he did not. *Coggins v. State*, 275 Ga. 479, 482 (569 SE2d 505) (2002). Howard has not met his burden of showing that defense counsel's representation was deficient. Accordingly, the trial court did not err in denying Howard's motion for new trial.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 2, 2005.

*Leopold F. Joh, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Thelma E. Fry, Assistant District Attorneys*, for appellee.