A09A0793. SIMS v. THE STATE.
(683 SE2d 668)

MILLER, Chief Judge.

Cedric Sims entered a guilty plea under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), to one count of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)). Sims subsequently filed a motion to withdraw his guilty plea, which the trial court denied. Sims now appeals arguing that, pursuant to Uniform Superior Court Rule 33.12, withdrawal of his guilty plea is necessary to correct a manifest injustice because he received ineffective assistance from his trial counsel and his plea was entered involuntarily. Finding no abuse of discretion in the trial

court's denial of Sims' motion to withdraw his guilty plea, we affirm.

"Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice." (Citations and punctuation omitted.) *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005); see also USCR 33.12. "A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion." (Citation omitted.) *Moon v. State*, 286 Ga. App. 360, 361 (1) (649 SE2d 355) (2007).

The record shows that at the outset of his plea and sentencing hearing, Sims admitted that he was guilty of the charged offense, at which point the trial court stated: "Let's enter the plea then." Through a colloquy with Sims, the trial court established that Sims had an eleventh-grade education; he understood the nature of the charge against him and the nature of the proceeding; no one had promised him anything to induce him to plead guilty; his plea was being freely and voluntarily entered; and he understood that he was giving up, among other things, the right to a trial by jury, the right to assistance of counsel at trial, the right to testify at trial, and the right not to incriminate himself. Finally, the trial court confirmed that Sims understood that the maximum punishment he could receive was 30 years in the State penal system.

At that point, the assistant district attorney explained the facts underlying the charge against Sims. On March 10, 2005, two McDonough police officers, Heath Matthews and Scott Zebrowski, were conducting an undercover patrol in an area where a jewelry store had been robbed earlier in the day when they observed a large group of people gathered at a residence on Brisendane Road. The officers circled the block and drove back by the residence, when one member of the group called out, "What do you need?" Zebrowski replied, "I need a twenty hard." A few minutes later, Sims approached the passenger-side of the vehicle and asked Zebrowski if he could see the money. Zebrowski handed Sims $20. At that time, Sims leaned over and saw Matthews, whom he recognized, and said, "Heath, you know I ain't done nothing." Zebrowski then saw Sims drop a crack rock. The rock was secured into evidence, and it later tested positive for less than a gram of cocaine.

When asked by the trial court if he admitted possessing cocaine, Sims responded, "No, I didn't have no crack." Sims' trial counsel then advised the trial court that he and Sims had discussed this issue and that Sims would like to enter a guilty plea "on the basis that if this case was presented to a jury, there is sufficient . . . evidence and . . . it's in his best interests to enter a plea. . . ." Trial counsel continued: "We have actually been to the scene, we have photos of

the scene. There are some triable issues, but it is his decision that it's in his best interests to enter a plea even though he disputes some of the facts of the case." Sims confirmed that he agreed that entering a guilty plea was in his best interest.

Sims' trial counsel further explained that he was the second attorney on Sims' case because Sims had been unhappy with his first attorney and then went on to state:

> I've told Mr. Sims that we are prepared to try this case and we are here and ready to try this case. We've investigated the case. We've talked to the witnesses that he wishes us to talk to. It is my belief that the probability is if we try this case, we could lose this case. Can we win it? You can always win anything. But the probabilities are you would lose.
>
> And so, I recommended to him that it might be in his best interests to take this plea. I've told him that I am not coercing him into entering this plea. . . .

Sims' trial counsel added that if Sims did not have such an extensive record of arrests and convictions, he might be more inclined to try the case.

Thereafter, the trial court accepted Sims' guilty plea and sentenced him to five years in prison and five years on probation.

1. Sims claims he should have been permitted to withdraw his guilty plea because he received ineffective assistance from his trial counsel. We are not persuaded.

> When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Citation and punctuation omitted.) *Howard v. State*, 274 Ga. App. 861, 861-862 (619 SE2d 363) (2005); see also *Payne v. State*, 271 Ga. App. 619, 619-620 (610 SE2d 572) (2005). "A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous." (Citation omitted.) *Howard*, supra, 274 Ga. App. at 862.

The record here reflects that immediately upon appearing as Sims' lawyer in this action, Sims' trial counsel filed a demand for a

speedy trial and a set of consolidated motions and demands for discovery on Sims' behalf. The record contains a certificate of service indicating that Sims' trial counsel also secured a copy of the State's investigative file. While Sims' trial counsel did not testify at the hearing on Sims' motion to withdraw his guilty plea, he advised the court during the plea and sentencing hearing that he had investigated the case, talked to witnesses, and was ready to go to trial. At the hearing on his motion to withdraw his guilty plea, however, Sims testified that he felt that his lawyer "wasn't helping me out." These expressions of dissatisfaction with trial counsel are irrelevant and fail to establish ineffectiveness. *Harden v. Johnson*, 280 Ga. 464, 465 (629 SE2d 259) (2006) ("[N]o weight is attached to the accused's expression of satisfaction or dissatisfaction with counsel.") (citation and punctuation omitted).

While Sims further complained that his trial counsel only met with him one time, "[t]he length of time that . . . counsel spent in conference with [Sims] is not in itself inadequate." (Citation omitted.) *Swantner v. State*, 244 Ga. App. 372, 375 (2) (a) (535 SE2d 343) (2000); see also *McCutchen v. State*, 276 Ga. 532, 533 (579 SE2d 732) (2003) ("The fact that trial counsel . . . met with McCutchen for an amount of time claimed to be inadequate is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client") (citation and punctuation omitted); *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488) (1985) ("The length of time spent in consultation is only one factor to be considered and, without more, will not establish ineffective assistance of counsel.") (citation and punctuation omitted). According to Sims, his trial counsel did not spend time with him preparing him to testify. Sims, however, never testified that, had he proceeded to trial, he wished to take the stand despite his extensive criminal history, which his trial counsel had described during the plea and sentencing hearing. Sims also testified that his trial counsel failed to show him a photograph of the crime scene until the day of trial. Sims claimed that the photograph showed that, contrary to the State's contentions, he had not been standing under a street light at the time the incident occurred and was important "[b]ecause I didn't throw down no drugs." The record does not establish that Sims was unfamiliar with the lighting in the area prior to seeing the photograph. Nor did Sims explain how he or his lawyer could have made more effective use of the photograph had Sims had more time to study it prior to trial.

Given the facts described above, the trial court was authorized to conclude that Sims failed to carry his burden of proving that his trial counsel's performance was deficient.

2. Sims argues that he was "coerced" into pleading guilty

because of his lawyer's lack of preparation. We disagree.

The transcript of the plea and sentencing hearing "affirmatively shows that [Sims] was cognizant of all the rights he was waiving and the possible consequences of his plea." *Curtis v. State*, 271 Ga. App. 239, 242 (2) (609 SE2d 171) (2005). Trial counsel stated on the record at the plea hearing that he was prepared to proceed to trial and did not coerce Sims to plead guilty. Under all of the circumstances of this case, the trial court was authorized to conclude that "any coercion [Sims] may have experienced in connection with the guilty plea arose from the circumstances in which he found himself, not any deficiency in his trial counsel's performance." (Citation omitted.) *Collier v. State*, 281 Ga. App. 646, 649-650 (637 SE2d 72) (2006). Accordingly, the trial court did not abuse its discretion in denying Sims' motion to withdraw his guilty plea.

For the reasons set forth above, we affirm the trial court's order denying Sims' motion to withdraw his guilty plea.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 17, 2009.

*Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Alicia C. Gant, Assistant District Attorneys*, for appellee.