## S10A0082. JONES v. THE STATE.

(695 SE2d 271)

HUNSTEIN, Chief Justice.

Brandon Tramale Jones entered a plea of guilty to malice murder and numerous other crimes, and was sentenced to life imprisonment plus five years.[1] Jones appeals from the trial court's denial of his motion to withdraw his guilty plea, contending that he received ineffective assistance of counsel. Finding no error, we affirm.

Jones argues that his counsel was ineffective in advising him to plead guilty without adequately communicating to him either the results of her investigation or her defense strategy. He contends that his resulting lack of confidence in counsel's preparation for trial and her ability to represent him caused him to enter the guilty plea.

"A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a

---

[1] The indictment handed down by a DeKalb County grand jury during the November 2008 term alleged that on February 18, 2007, Jones was involved in a confrontation in which he shot and killed Herbert Campbell and struck two other people with his hands; that on March 19, 2007, Jones broke into a residence and threatened two witnesses to the February 18 crimes by pointing a gun at them; and that when authorities attempted to arrest Jones on April 19, 2007, Jones pointed a gun at two police officers in the presence of a three-year-old child. Jones was indicted on charges of malice murder, felony murder, three counts of aggravated assault, two counts of aggravated assault on a peace officer, three counts of possession of a firearm during the commission of a felony, two counts of simple battery, burglary, two counts of influencing a witness, and cruelty to children in the third degree. Jones retained counsel and his trial began on February 2, 2009. During voir dire, he pled guilty to all charges except two of the firearm possession counts, which were nolle prossed. On the same day, the trial court sentenced Jones to life imprisonment for malice murder plus a consecutive term of five years on the remaining firearm possession charge. The felony murder conviction was vacated by operation of law, *Malcolm v. State,* 263 Ga. 369 (4) (434 SE2d 479) (1993), and one of the aggravated assault convictions merged into the malice murder conviction. Jones received five concurrent twenty-year sentences on the burglary, aggravated assault, and aggravated assault on a peace officer convictions; he also received two concurrent five-year sentences on the convictions for influencing a witness and three concurrent twelve-month terms on the simple battery and cruelty to children convictions. Jones's motion to withdraw his guilty plea, which was timely filed by new counsel, was denied on May 21, 2009. The trial court granted Jones's motion for an out-of-time appeal on July 24, 2009, and Jones filed his notice of appeal on August 13, 2009. The case was docketed in this Court for the January 2010 term and submitted for decision on the briefs.

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . [Cit.]''

*Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009).

At the hearing on the motion to withdraw the guilty plea, counsel testified that she talked to the lead detective and prosecutor on several occasions. She reviewed the State's file and provided this discovery to Jones and his mother. She utilized the services of an investigator, went to the locations of the crimes, and attempted to locate witnesses using the addresses and telephone numbers provided by the State. Certain witnesses had also been charged and were advised by their attorneys not to speak with her, and others were unwilling to talk to her because they feared Jones. Counsel met with Jones several times,[2] and discussed her general strategy and proposed defenses at a meeting a few days before trial. She reviewed these matters with Jones on the day the trial was to begin and the two discussed the State's evidence and anticipated witnesses. Counsel testified that the evidence against Jones was overwhelming and that the jury panel was one of the most unfavorable she had ever seen, as 17 of 36 potential jurors had experienced the murder of a family member. The fact that Jones had not paid the full amount of her agreed-upon fee did not affect her ability to prepare his defense.

Jones testified at the hearing that he met with counsel three or four times. Although counsel discussed her preparation of the case and possible defenses, Jones found her statements in this regard to be ambiguous. Counsel advised Jones that she had an investigation team working on the case, but Jones felt that she could have done more to get in contact with witnesses. He received a copy of the State's file, which included all witness statements, police reports and case notes, and counsel summarized for him the testimony that she thought the State would present at trial. Jones knew who would be testifying against him and was also aware that the State had a recording of a potentially incriminating telephone call he made from jail. Jones was aware that he was facing a maximum sentence of life imprisonment plus 125 years and 36 months, and he had an opportunity to speak with his wife and mother before entering the plea.

This testimony belies Jones's assertion that counsel's communication with him regarding the case was somehow lacking. In denying Jones's motion to withdraw his guilty plea, the trial court found that no additional preparation for trial would have led counsel

---

[2] We note that there is "no magic amount of time" that counsel must spend in conference with her client. *Rios v. State*, 281 Ga. 181, 182 (2) (637 SE2d 20) (2006).

to change her advice to accept the plea offer. "The trial court was authorized to credit the testimony of [Jones's] counsel, and its factual findings and credibility determinations will be accepted unless clearly erroneous. [Cit.]" *Jackson,* supra, 285 Ga. at 842. Because our review of the record reveals no such error, Jones has failed to meet his burden of demonstrating that counsel's performance was deficient. The failure to show any deficiency makes it unnecessary for us to address the issue of prejudice. *Stinson v. State,* 286 Ga. 499 (2) (689 SE2d 323) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Gerard B. Kleinrock,* for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Daniel J. Quinn, Jessica H. Rock, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.