### A11A0177. JAMES v. THE STATE.
(710 SE2d 905)

MILLER, Presiding Judge.

Malcolm James was charged with rape, kidnapping, false imprisonment, and aggravated assault. The State filed notice of its intent to seek recidivist sentencing based upon James's prior misdemeanor and felony convictions. Following jury selection at trial, James entered a negotiated guilty plea to false imprisonment and simple assault, as a lesser included offense to the aggravated assault charge. An order of nolle prosequi was entered as to the remaining charges. The trial court sentenced James to serve ten years under the false imprisonment charge and twelve months concurrently under the simple assault charge, with credit for time served following his arrest.

A few days later, James moved to withdraw his guilty plea.[1] After a hearing, the trial court denied the motion. On appeal, James contends that the trial court abused its discretion in denying his motion since (i) the State failed to present a sufficient factual basis to support the false imprisonment conviction and (ii) his trial counsel was ineffective in that he misinformed him as to his eligibility for parole. For the reasons that follow, we affirm.

1. James contends that he should be allowed to withdraw his guilty plea because the factual basis set forth by the State was insufficient to support the false imprisonment charge.[2] We disagree.

"After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." (Citation, punctuation and footnote omitted.) *Foster v. State*, 281 Ga. App. 584 (1) (636 SE2d 759) (2006). Uniform Superior Court Rule ("USCR") 33.9 mandates that a judgment of conviction should not be entered upon a plea of guilty without an inquiry on the record to satisfy the judge that there is a factual basis for the plea. See *State v. Evans*, 265 Ga. 332, 333-334 (1)

---

[1] James wrote the trial court a letter, seeking to withdraw his guilty plea. The trial court treated James's letter as a proper motion and scheduled a hearing on the matter. See *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010) (a defendant's letter requesting to withdraw a guilty plea may serve as a timely motion when it is filed with the trial court within the same term of court as the entry of his conviction and sentence).

[2] James does not challenge the factual basis for the simple assault charge.

(454 SE2d 468) (1995) (compliance with USCR 33.9 is mandatory).

At the plea hearing, the prosecutor stated on the record that he expected the evidence to show that on the date of the incident, officers received a 911 call from an individual reporting that a man was beating a woman and that the woman was crying "rape." When the officers arrived at James's residence, they heard James yelling and demanding the female victim to lie down on the bed. The officers repeatedly beat on the door and announced their presence. Eventually, James opened the door and the officers observed the victim on the edge of the bed, with her pants down. She was visibly upset, was crying, and had a busted lip. The officers spoke with the victim outside of James's presence, at which time she stated that James had beaten her up and had raped her.

The State's recitation of facts reflecting that James had detained the victim on the bed and inside his residence presented a sufficient factual basis for the false imprisonment charge. See OCGA § 16-5-41 (a) ("A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority."); *Pitts v. State*, 272 Ga. App. 182, 187 (3) (612 SE2d 1) (2005) (evidence that the defendant had held the victim down on the bed against her will was sufficient to prove false imprisonment); *Brabham v. State*, 240 Ga. App. 506, 506-507 (1) (b) (524 SE2d 1) (1999) (evidence that the defendant forced the victim to sit on the floor was sufficient to show false imprisonment). The trial court therefore did not abuse its discretion in refusing to allow withdrawal of the guilty plea on the basis alleged.

2. James also argues that the trial court erred in denying his motion to withdraw his guilty plea since his trial counsel misinformed him about his eligibility for parole. James contends that in light of the alleged misinformation, his plea was not knowingly and voluntarily entered and his trial counsel provided ineffective assistance. Again, we discern no reversible error.

Although there is no constitutional requirement that a defendant be informed of collateral consequences of a plea, such as parole eligibility, counsel's affirmative misrepresentations about those consequences in response to his client's specific inquiries may form the basis of an ineffective assistance of counsel claim. See *Smith v. Williams*, 277 Ga. 778, 778-779 (1) (596 SE2d 112) (2004). To prevail on such claim, James has the burden to show that "counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty." (Footnotes omitted.) *Smith*, supra, 277 Ga. at 779 (1). Upon review of the trial court's ruling on the effectiveness of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we indepen-

dently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

At the plea hearing, James requested a "second opinion" as to where he graded out on the parole grid, i.e., his parole eligibility. Trial counsel stated on the record that he had contacted the parole board and was informed that James's instant charges fell within "a Level 3" under the crime severity guideline, requiring that he serve 14 to 24 months before being eligible for parole. The trial court inquired further as to how James's probation revocations related to prior felony convictions would affect his parole eligibility. In response, trial counsel responded, "I don't know." James did not seek additional clarification or inquire further regarding the matter. Nevertheless, James relies upon this colloquy at the plea hearing to support his contention that the information that he received regarding parole eligibility was flawed since it failed to reflect consideration of his prior felony convictions.

It is true that in considering the issue of parole, the parole board has set forth guidelines that consider the severity of the inmate's crime, as well as other factors, including prior felony convictions, that are used to compute an inmate's likelihood of success on parole. See Ga. Comp. R. & Regs. r. 475-3-.05 (5), (8). To the extent that trial counsel advised James that he was required to serve an estimated 14 to 24 months before becoming eligible for parole, but failed to assess how James's probation revocations and prior felony convictions would affect that estimate under the guidelines, his information could be deemed as misleading. But at the hearing conducted on James's motion to withdraw his guilty plea, trial counsel testified that he had explained to James that it was within the parole board's discretion to decide the parole issue and that no promises or guarantees could be made as to the length of his incarceration. Moreover, because trial counsel openly acknowledged and advised James that he did not know how his prior felony convictions factored into the parole eligibility, it is questionable whether he can be deemed as having made an affirmative misrepresentation in this regard.

Notwithstanding the alleged deficiency, however, the trial court was authorized to conclude that James failed to establish the element of prejudice, which required a showing that he would not have pled guilty absent the alleged misrepresentation. Significantly, at the motion hearing, James testified that he did not like the composition of the potential jurors and wanted to put off the trial. In addition to the false imprisonment charge, James was facing more serious charges of rape, kidnapping, and aggravated assault. Based upon the negotiated plea agreement, James was allowed to enter a guilty plea to false imprisonment and simple assault; he avoided the

more serious charges, which were nolle prossed. Moreover, when trial counsel expressed uncertainty regarding how James's probation revocations would affect his parole eligibility, James did not inquire further. Under these circumstances, the trial court was authorized to find that James was not primarily concerned about parole eligibility, but rather was concerned about proceeding to trial on the more serious charges before a jury that he did not deem as being favorable. Consequently, the trial court was authorized to find that the alleged deficiency was not prejudicial and did not present a manifest injustice requiring withdrawal of the guilty plea.[3] See *Brower v. State*, 230 Ga. App. 125, 127 (3) (495 SE2d 600) (1998) (finding that "[t]he trial court could properly conclude that any misunderstanding [defendant] had regarding the use of his prior criminal record did not alter his decision to plead guilty rather than risk a guilty verdict and harsh sentence."); *Beck v. State*, 222 Ga. App. 168, 169 (473 SE2d 263) (1996) (concluding that the defendant's desire to plead guilty to avoid prosecution for additional crimes or to avoid receiving a longer sentence does not prevent a plea from being free and voluntary). The trial court's decision denying the motion to withdraw the guilty plea was not erroneous.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 1, 2011.

*Roger C. Montgomery, William A. Adams, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt, Lee F. Tittsworth, Assistant District Attorneys*, for appellee.

---

[3] In response to the trial court's questions at the plea hearing, James stated that he was satisfied with his trial counsel's representation; was aware of the rights that he was giving up upon entering the guilty plea; had not been promised anything, threatened, or forced to plead guilty; understood the charged offenses; and desired to enter the guilty plea.