### A11A1505. GOWER v. THE STATE.
(722 SE2d 383)

MIKELL, Presiding Judge.

Joshua Gower appeals from the judgment of conviction and sentence entered on his nonnegotiated guilty plea on one count of burglary, arguing that defense counsel was ineffective and that the trial court erred by denying his motion to withdraw his plea. Finding no error, we affirm.

The predicate facts developed at the guilty plea hearing show that after Elizabeth Summerland and her son, Chris, arrived at home, Chris found their neighbor, Joshua Gower, under his bed. Gower told law enforcement that he had permission from Elizabeth Summerland's husband, Edward Summerland, to obtain items from the home. According to a responding law enforcement officer, Edward denied this. The co-defendant in this case, Matthew Barber, who had already entered a guilty plea, stated to law enforcement that he was the lookout for Gower. Gower was then arrested and indicted on one count of burglary. On July 8, 2010, a week before his scheduled trial, Gower entered a nonnegotiated plea of guilty to one count of burglary. Gower subsequently filed a motion to withdraw this plea, and the motion was denied. Gower appeals and argues that he received ineffective assistance of counsel.

Initially, we note that although a guilty plea may be withdrawn anytime before sentencing, "once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice and a trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[1] In reviewing the motion, "the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[2] The trial court's legal conclusions are reviewed de novo.[3]

When a defendant pleads guilty and seeks to overturn his conviction because of counsel's errors, he "must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[4] When evaluating counsel's performance to determine whether it was deficient, "there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[5] Gower has not satisfied either prong of this test.

Gower argues that he pled primarily because he feared proceeding to trial because his counsel was not adequately prepared. In support of this contention, he maintains that his lawyer failed to properly investigate the facts by not interviewing Elizabeth Summerland, her son, or co-defendant Barber. However, nothing on the record shows that his counsel was inadequately prepared.[6] At the motion to withdraw hearing, plea counsel testified that she had met with Gower and spoken to him on the phone several times before the trial calendar; she met with Edward Summerland in her office and explored the possible defense that Gower had permission to be in the home at the time of his arrest; she spoke with the attorney for co-defendant Barber regarding his testimony; and she had attempted to contact Elizabeth and another individual who was present, but was unable to do so.

Gower also contends that he received ineffective assistance because counsel prematurely advised him that Edward's credibility likely would be impeached at trial and he felt pressured to take a

---

[1] (Punctuation and footnotes omitted.) *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011).

[2] (Footnote omitted.) *Trapp v. State*, 309 Ga. App. 436-437 (710 SE2d 637) (2011).

[3] *Navarrette v. State*, 298 Ga. App. 637 (680 SE2d 649) (2009).

[4] (Citation and punctuation omitted.) *Rios v. State*, 281 Ga. 181 (2) (637 SE2d 20) (2006).

[5] (Punctuation and footnote omitted.) *Murray v. State*, 307 Ga. App. 621, 624 (705 SE2d 726) (2011).

[6] *Jones v. State*, 287 Ga. 270, 271-272 (695 SE2d 271) (2010) (Counsel did not provide ineffective assistance when, despite her efforts to do so, she was unable to locate several witnesses using the names and addresses provided by the state).

plea. Plea counsel had informed Gower that Edward's testimony might not be credible due to his prior felony convictions over a decade ago even though the trial court had not yet had a hearing to determine their admissibility.[7] However, plea counsel testified at the motion for new trial hearing that she was aware of the convictions and the possibility that they might not be admitted, but that these prior felonies were not the only basis for possible impeachment of Edward's credibility. Plea counsel further testified that she informed Gower that he had the right to a jury trial, but that it would be the jury's decision to weigh the credibility of the testimony of Edward as a potential exculpatory witness and that his testimony might be impeached not only because of his felony convictions, but also because he made an inconsistent statement to law enforcement on the night of the arrest, and because he was in jail on the night of the arrest. Accordingly, the record shows that counsel's preparation and assessment of the evidence and potential defenses was reasonable and does not support the conclusion that counsel's performance was deficient.[8]

Finally, Gower did not produce any affirmative evidence at the motion to withdraw the guilty plea hearing that but for his counsel's ineffective assistance, he would have insisted on going to trial.[9] Rather, Gower testified, and his counsel confirmed, that the reason he pled guilty was so he could remain out of jail on bond until his sentencing hearing so that he could assist law enforcement with other criminal investigations and possibly receive consideration for that help during his sentencing. Although Gower did provide some conflicting testimony in the motion to withdraw the guilty plea hearing that he was pressured into accepting a plea by his counsel, the trial court is authorized to disbelieve self-serving testimony in favor of defendant's counsel.[10]

Ample evidence sustained the trial court's findings that supported its conclusion that Gower failed to carry his burden of showing ineffective assistance of counsel. Accordingly, the trial court did not abuse its discretion in denying Gower's motion to withdraw his guilty plea.

---

[7] See *Quiroz v. State*, 291 Ga. App. 423, 427-428 (4) (662 SE2d 235) (2008) (requiring court to make express findings on the record before admitting felonies for impeachment purposes) and OCGA § 24-9-84.1 (b) (evidence of a conviction is "not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness ... unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect").

[8] *Williams v. State*, 296 Ga. App. 270, 273-274 (1) (b) (674 SE2d 115) (2009).

[9] *Jones*, supra.

[10] *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010).

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 24, 2012.

*Charles E. W. Barrow*, for appellant.
*Layla H. Zon, District Attorney, Clint C. Malcolm, Assistant District Attorney*, for appellee.