**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 7, 2013**

# In the Court of Appeals of Georgia

A12A1874. ANDREWS v. THE STATE.

MILLER, Presiding Judge.

Ronald Bernard Andrews appeals from the trial court's order denying his motion to withdraw his guilty plea. Andrews contends that (i) plea counsel provided ineffective assistance, and (ii) the trial court erred in finding that the duplicitous counts in his indictment did not merge for sentencing purposes.[1] For the reasons discussed below, we affirm.

---

[1] Andrews also contends that the trial court erred in refusing to recognize as a pleading his letter requesting that he be allowed to withdraw his guilty plea, and the trial court erred in finding that he was represented by counsel when he filed his pro se motion to withdraw his guilty plea. We find that these enumerations of error are moot because the trial court did in fact consider the letter as a pro se motion to withdraw Andrews's guilty plea, and the trial court considered the merits of the pro se motion.

After sentencing, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice - ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." (Footnote omitted.) *Wilson v. State*, 302 Ga. App. 433, 434 (1) (691 SE2d 308) (2010). The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion. See *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

The record shows that in July 2003, Andrews was charged by indictment with rape (OCGA § 16-6-1 (a) (1) (2003)), aggravated assault (OCGA § 16-5-21 (a) (2003)), two counts of burglary (OCGA § 16-7-1 (a) (2003)), theft by taking (OCGA § 16-8-2 (2003)), and three counts of robbery (OCGA § 16-8-40 (a) (2003). On November 18, 2003, Andrews entered a non-negotiated guilty plea to each count. The trial court sentenced Andrews to twenty years to serve concurrently on the burglary, aggravated assault, and robbery charges (Counts 1, 2, 4, 5, 6 and 7); ten years to serve concurrently on the theft by taking charge (Count 8); and life in prison on the rape charge (Count 3).

On December 19, 2003, in the same term of court in which he was sentenced,[2] Andrews filed a pro se letter to the Clerk and District Attorney stating that he wished to withdraw his plea on the grounds of misrepresentation and ineffectiveness of counsel. Following an evidentiary hearing, the trial court found that Andrews's letter should be construed as a motion to withdraw his guilty plea.[3] The trial court entered an order denying Andrews's motion.

---

[2] Andrews was sentenced on November 18, 2003, in the November term of court for the Cobb County Superior Court. See OCGA § 15-6-3 (11) (2003) (defining terms for Cobb Circuit). He filed his pro se motion to withdraw his plea on December 19, 2003, within that same term.

[3] The trial court had jurisdiction to entertain Andrews's motion to withdraw his guilty plea, even though the hearing on the motion was not held until several years after the term of court in which Andrews entered his plea, because Andrews filed the motion within the mandated time frame, and the State had adequate notice of the motion. See *McKiernan v. State*, 286 Ga. 756, 759 (692 SE2d 340) (2010) (holding that the trial court erred in dismissing the defendant's motion to withdraw his guilty plea where the defendant filed the motion within the mandated time frame, and the State had reasonable notice of the motion, even though the hearing on the defendant's motion was not held until more than two years after the motion was filed); *Watson v. State*, 307 Ga. App. 839, 840 (1) (706 SE2d 194) (2011) (holding that the trial court erred in denying the defendant's motion to withdraw his plea on the ground of abandonment where the defendant filed the motion before the end of the term in which his sentence was rendered, and the State had adequate notice of the motion, even though the hearing on the motion was not held until well after expiration of that term).

The trial court found that the two burglary counts (Count 1 and 2), and the three robbery counts (Counts 5, 6 and 7) should have merged, but the merger issue was waived due to Andrews entering a plea. The trial court also found that the sentence imposed was not void because Andrews was sentenced to twenty years on the burglary, robbery and aggravated assault counts (Counts 1, 2, 4, 5, 6 and 7), and the 20-year sentences on those counts did not exceed the maximum permitted under the Georgia code.

1. Andrews contends that the trial court erred in refusing to allow him to withdraw his plea because plea counsel rendered ineffective assistance during the guilty plea. We do not agree.

"When the validity of a guilty plea is challenged, the [S]tate bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily." (Citation, punctuation and footnotes omitted.) *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005). Since Andrews based his motion to withdraw his plea on a claim of ineffective assistance of counsel, he had the burden of showing that counsel was deficient, and in the absence of that deficiency, there was a reasonable probability that he would have insisted on a trial, rather than pleading guilty. See *James v. State*, 309 Ga. App. 721,

722 (2) (710 SE2d 905) (2011); *Sims v. State*, 299 Ga. App. 698, 700 (1) (683 SE2d 668) (2009). "A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Sims*, supra, 299 Ga. App. at 700 (1).

The plea hearing transcript shows that the State met its burden of proving that Andrews's non-negotiated plea was knowingly and voluntarily entered. The state laid a factual basis for each crime to which Andrews entered a guilty plea, and Andrews's counsel stated that he had informed Andrews of his rights and explained them to him. Andrews testified under oath that he was not under the influence of drugs or alcohol, he had never been under the care of a psychiatrist or psychologist, he had three years of college, he understood the charges in the indictment, and he understood the rights he was waiving by entering a guilty plea. Andrews further testified that he understood the maximum sentences for the charged offenses, no promises or threats were made in exchange for his plea, he was satisfied with his counsel's services, and he was in fact guilty of the charged crimes.

(a) Andrews contends that his counsel did not prepare him to enter a plea.

Andrews's counsel testified at the hearing on the motion to withdraw plea that he discussed the possibility of a plea with Andrews; explained the ramifications of

entering a non-negotiated plea to Andrews; advised Andrews that he would have to register as a sex offender if he pled guilty to rape; advised Andrews of his constitutional rights and the minimum and maximum sentence he faced if he entered a plea; and advised Andrews that he had three options - - a negotiated plea, a non-negotiated plea or going to trial.

Andrews admitted at the hearing on his motion to withdraw his plea that before he entered his plea he executed a written plea questionnaire, which set out the minimum and maximum sentence, and his counsel told him at that time that the maximum possible sentence was life plus 140 years, and a fine of up to $800,000. Moreover, the transcript of Andrews's plea hearing shows that he was advised of and understood the maximum sentence and fine he faced upon entering his plea. Although Andrews provided some conflicting testimony at the hearing, the trial court was authorized to credit trial counsel's testimony over Andrews's self-serving statements. See *Jones v. State*, 287 Ga. 270, 272 (695 SE2d 271) (2010); *Gower v. State*, 313 Ga. App. 635, 637 (722 SE2d 383) (2012). Thus, Andrews failed to carry his burden of proving that trial counsel was deficient in preparing him to enter his plea.

(b) Andrews also contends that trial counsel was deficient in failing to properly advise him about the potential merger of the charged offenses.

6

Trial counsel testified that he did not discuss the potential merger of the charged offenses with Andrews because he did not believe that the offenses would merge as a matter of law or fact. Assuming arguendo that trial counsel erred in this respect, Andrews still had to show that but for trial counsel's error, there was a reasonable probability that he would have insisted on a trial, rather than pleading guilty. See *James*, supra, 309 Ga. App. at 722 (2). Andrews has not met his burden because he produced no affirmative evidence that he would have insisted on going to trial, but for his counsel's failure to properly advise him about the merger issues.

Andrews does not argue that his life sentence for rape was not authorized, regardless of whether any of the other charges should have merged. See OCGA § 16-6-1 (b) (2003) (providing that a rape conviction is punishable by death, life imprisonment without parole, *life imprisonment*, or imprisonment for not less than 25 years, followed by probation for life). Moreover, Andrews admitted that he committed the crimes, he had to be punished for them, and he would have been "alright" if he had received the sentence of 10-20 years that he was expecting.

Although Andrews testified that he wished to withdraw his guilty plea because he was displeased with the life sentence that was imposed, he knew when he entered his plea that the state was seeking a life sentence. Furthermore, even if the state had

7

recommended a sentence of less than life imprisonment for the rape, the trial court would not have been bound by such recommendation. See *Brown v. State*, 280 Ga. App. 767, 771 (1) (634 SE2d 875) (2006). Finally, as set forth in Division 2 below, Andrews's sentences are not void, because they did not exceed the maximum sentences permitted under the Georgia code.

Andrews knew he faced a life sentence for rape, and he did not show that he would have insisted on going to trial but for his counsel's failure to advise him about the merger issues. Moreover, his mere dissatisfaction with his life sentence did not establish that his trial counsel was deficient in that regard. See *Jackson v. State*, 288 Ga. App. 742, 745 (655 SE2d 323) (2007). Therefore, the trial court did not clearly err in finding that Andrews failed to carry his burden of showing ineffective assistance of counsel.

2. Andrews contends that the trial court erred in finding that the duplicitous counts in the indictment did not merge for sentencing purposes. We disagree.

By pleading guilty to the eight counts in the indictment, Andrews waived all defenses except that the indictment charged no crime, including the issue of whether the offenses merged as a matter of law or fact. See *Carson v. State*, 314 Ga. App. 225, 228-229 (2) (723 SE2d 516) (2012) ("The fact that [defendant's] plea was non-

negotiated does not alter the conclusion that he waived his right to argue that the counts should have merged.") (citations and punctuation omitted); see also *Regent v. State*, 306 Ga. App. 616, 618 (2) (703 SE2d 81) (2010) (holding that the defendant waived his right to challenge on the basis of merger by entering a non-negotiated plea).

Andrews does not contend that the indictment was invalid or that it failed to apprise him of the charges against him. Moreover, Andrews entered his plea knowing the maximum sentence and fine he faced, he knowingly invited sentencing within the statutory ranges on all eight counts, and the fact that his plea was non-negotiated does not alter the trial court's proper conclusion that he waived his right to argue that the burglary and robbery counts should have merged. See *Carson*, supra, 314 Ga. App. at 229 (2); see also *Regent*, supra, 306 Ga. App. at 618 (2).

The trial court also properly found that Andrews's sentences were not void because they did not exceed those authorized by law. OCGA § 16-6-1 (b) (2003) authorized Andrews's sentence of life in prison on the rape charge (Count 3). Andrews's 10-year sentence for the charge of theft by taking a motor vehicle (Count 8) was also authorized. See OCGA § 16-8-12 (a) (5) (A) (2003). Finally, the 20-year sentences imposed on the burglary, aggravated assault, and robbery counts were also

9

authorized. See OCGA § 16-7-1 (a) (2003) (burglary), OCGA § 16-5-21 (b) (2003) (aggravated assault) and OCGA § 16-8-40 (b) (2003) (robbery) authorized Andrews's 20-year sentence on the remaining counts in his indictment. Since Andrews failed to establish his claim for ineffective assistance, and his sentences are not void, the trial court did not abuse its discretion in denying Andrews's motion to withdraw his plea.

*Judgment affirmed.  Branch, J., concur. Ray, J., concurs in judgment only.*