**THIRD DIVISION**
**MILLER, RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 2, 2014**

# In the Court of Appeals of Georgia

A12A1874. ANDREWS v. THE STATE.

MILLER, Judge.

In *Andrews v. State*, 320 Ga. App. 816 (739 SE2d 445) (2013), we affirmed the denial of Ronald Bernard Andrews's motion to withdraw his 2003 guilty plea to rape, aggravated assault, two counts of burglary, theft by taking and three counts of robbery, finding that, by pleading guilty to all eight counts, Andrews waived the issue of whether the burglary and robbery counts merged. Id. at 819-820 (2). We also held that Andrews failed to show that his trial counsel provided ineffective assistance. Id. at 817-819 (1).

The Supreme Court of Georgia granted certiorari and vacated our decision in *Andrews v. State*, 2013 Ga. LEXIS 703 (Case No. S13C1143, decided September 9, 2013). The Supreme Court also remanded with direction for this Court to consider

this case in light of *Nazario v. State*, 293 Ga. 480 (746 SE2d 109) (2013), which held that a conviction which merges with another conviction is void, a sentence imposed on such a conviction is illegal and entry of a guilty plea does not waive a defendant's claim that a conviction merged as a matter of law or fact. Accordingly, we now consider whether the trial court erred in (1) finding that the duplicitous counts in Andrews's indictment did not merge for sentencing purposes, and (2) refusing to allow Andrews to withdraw his plea because his plea counsel rendered ineffective assistance.[1]

After sentencing, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice — ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." (Footnote omitted.) *Wilson v. State*, 302 Ga. App. 433, 434 (1) (691 SE2d 308) (2010). The trial court is the final arbiter of all factual issues raised by the evidence,

---

[1] Andrews also contends that the trial court erred in refusing to recognize as a pleading his letter requesting that he be allowed to withdraw his guilty plea, and the trial court erred in finding that he was represented by counsel when he filed his pro se motion to withdraw his guilty plea. We find that these enumerations of error are moot because the trial court did in fact consider the letter as a pro se motion to withdraw Andrews's guilty plea and, furthermore, considered the merits of the pro se motion.

and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion. See *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

The record shows that in July 2003, Andrews was charged by indictment with rape (OCGA § 16-6-1 (a) (1) (2003)), aggravated assault (OCGA § 16-5-21 (a) (2003)), two counts of burglary (OCGA § 16-7-1 (a) (2003)), theft by taking (OCGA § 16-8-2 (2003)), and three counts of robbery (OCGA § 16-8-40 (a) (2003)). On November 18, 2003, Andrews entered a non-negotiated guilty plea to each count. The trial court sentenced Andrews to twenty years to serve concurrently on the burglary, aggravated assault, and robbery charges (Counts 1, 2, 4, 5, 6 and 7); ten years to serve concurrently on the theft by taking charge (Count 8); and life in prison on the rape charge (Count 3).

On December 19, 2003, in the same term of court in which he was sentenced,[2] Andrews filed a pro se letter to the Clerk and District Attorney stating that he wished to withdraw his plea on the grounds of misrepresentation and ineffectiveness of counsel. Following an evidentiary hearing, the trial court found that Andrews's letter

---

[2] Andrews was sentenced on November 18, 2003, in the November term of court for the Cobb County Superior Court. See OCGA § 15-6-3 (11) (2003) (defining terms for Cobb Circuit). He filed his pro se motion to withdraw his plea on December 19, 2003, within that same term.

should be construed as a motion to withdraw his guilty plea.[3] The trial court entered an order denying Andrews's motion.

The trial court found that the two burglary counts (Count 1 and 2), and the three robbery counts (Counts 5, 6 and 7) should have merged, but the merger issue was waived due to Andrews entering a plea. The trial court also found that the sentence imposed was not void because Andrews was sentenced to twenty years on the burglary, robbery and aggravated assault counts (Counts 1, 2, 4, 5, 6 and 7), and the 20-year sentences on those counts did not exceed the maximum permitted under Georgia law.

1. Andrews contends that the trial court erred in refusing to allow him to withdraw his plea because his counsel rendered ineffective assistance during the plea hearing. Specifically, Andrews argues that his counsel did not prepare him to enter a plea.[4] We do not agree.

---

[3] The trial court had jurisdiction to entertain Andrews's motion to withdraw his guilty plea, even though the hearing on the motion was not held until several years after the term of court in which Andrews entered his plea, because Andrews filed the motion within the mandated time frame, and the State had adequate notice of the motion. See *McKiernan v. State*, 286 Ga. 756, 759 (692 SE2d 340) (2010); *Watson v. State*, 307 Ga. App. 839, 840 (1) (706 SE2d 194) (2011).

[4] Because we address the issue of merger in Division 2 below, we need not address Andrews's additional argument that trial counsel was deficient in failing to

"When the validity of a guilty plea is challenged, the [S]tate bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily." (Punctuation omitted.) *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005). Since Andrews based his motion to withdraw his plea on a claim of ineffective assistance of counsel, he had the burden of showing that "counsel was deficient, and in the absence of that deficiency, there was a reasonable probability that he would have insisted on a trial, rather than pleading guilty." (Citation omitted.) *James v. State*, 309 Ga. App. 721, 722 (2) (710 SE2d 905) (2011); *Sims v. State*, 299 Ga. App. 698, 700 (1) (683 SE2d 668) (2009). "A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Sims*, supra, 299 Ga. App. at 700 (1).

The plea hearing transcript shows that the State met its burden of proving that Andrews's non-negotiated plea was knowingly and voluntarily entered. Notably, the State laid a factual basis for each crime to which Andrews entered a guilty plea. Moreover, the record shows that Andrews's counsel informed Andrews of his rights and explained them to him, and Andrews testified under oath that he was not under

properly advise him about the potential merger of the charged offenses.

5

the influence of drugs or alcohol, he had never been under the care of a psychiatrist or psychologist, he had gone to three years of college, he understood the charges in the indictment, and he understood the rights he was waiving by entering a guilty plea. Andrews further testified that he understood the maximum sentences for the charged offenses, no promises or threats were made in exchange for his plea, he had conferred with counsel about the case and was satisfied with his counsel's services, and he was in fact guilty of the charged crimes.

At the hearing on the motion to withdraw plea, Andrews's counsel testified that he discussed the possibility of a plea with Andrews; explained the ramifications of entering a non-negotiated plea to Andrews; advised Andrews that he would have to register as a sex offender if he pled guilty to rape; advised Andrews of his constitutional rights and the minimum and maximum sentence he faced if he entered a plea; and advised Andrews that he had three options — a negotiated plea, a non-negotiated plea or going to trial.

Andrews admitted at the hearing on his motion to withdraw his plea that before he entered his plea he executed a written plea questionnaire, which set out the minimum and maximum sentence, and his counsel told him at that time that the maximum possible sentence was life plus 140 years, and a fine of up to $800,000.

Moreover, the transcript of Andrews's plea hearing shows that he was advised of and understood the maximum sentence and fine he faced upon entering his plea. Although Andrews provided some conflicting testimony at the hearing, the trial court was authorized to credit trial counsel's testimony over Andrews's self-serving statements. See *Jones v. State*, 287 Ga. 270, 272 (695 SE2d 271) (2010); *Gower v. State*, 313 Ga. App. 635, 637 (722 SE2d 383) (2012). Thus, Andrews failed to carry his burden of proving that trial counsel was deficient in preparing him to enter his plea.

2. Andrews contends that the trial court erred in finding that the duplicitous counts in his indictment did not merge for sentencing purposes. For the reasons that follow, we agree in part.

> Where, as here, the merger issues arise in a guilty plea case, this Court is
>
> limited to finding error, as in all cases, based on the record. . . . While a defendant does not waive consideration of merger issues by pleading guilty, his guilty plea does waive the expansion of the factual record that occurs with a trial. The practical effect of that waiver will usually mean that he cannot establish (and the court cannot discern) that any of his convictions merged, particularly as a matter of fact, based on the limited record.

*Nazario*, supra, 293 Ga. at 488 (2) (d). Accordingly, we look to the limited record in this case, and in determining whether one crime merges with another,

7

we apply the required evidence test set forth in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). Under that test, we examine whether each offense requires proof of a fact which the other does not.

(Citations and punctuation omitted.) *Thomas v. State*, 292 Ga. 429, 433 (4) (738 SE2d 571) (2013).

Here, the limited record from Andrews's guilty plea hearing shows that on the afternoon of May 24, 2003 the victim was working in the store she owned in a shopping center in Cobb County. As the victim was closing up the store, Andrews came through the back door of the store carrying an 18-inch-long black metal "Maglite" flashlight. Andrews asked the victim to take him to the money. The victim gave Andrews the money in the cash register, along with the money from her wallet and her check card. Andrews then instructed the victim to take her pants off, and the victim complied. The victim began to struggle with Andrews, however, when he also asked her to take off her panties.

Andrews hit the victim in the head with the flashlight multiple times, causing a laceration to her head that required stitches. Andrews then picked up the victim, slammed her to floor, and began choking her. At that point, the victim stopped fighting because she did not want to die. When Andrews was unable to get an

8

erection, he began masturbating himself while he told the victim that he had seen her around the shopping center and had been wanting to get with her. When Andrews finally got an erection, he forcibly raped her. When he finished, Andrews got up, took the victim's car keys, got into her car and left.

a. Burglary (Counts 1 & 2)

The trial court found, and the State concedes, that Andrews's burglary convictions should have merged because both counts charged Andrews with entering the same building without authority on the same date with intent to commit a felony — theft (Count 1) and rape (Count 2). Accordingly, only one burglary occurred and the trial court erred in failing to merge Counts 1 and 2 for sentencing purposes. In so holding, we note that the trial court found that these offenses effectively merged because the trial court imposed only one 20-year sentence on Andrews's convictions for burglary (Counts 1 & 2), aggravated assault (Count 4) and Robbery (Counts 5, 6 and 7). See *Zachary v. State*, 241 Ga. App. 722, 723 (1) (527 SE2d 601) (2000) (holding that trial court apparently merged two robbery offenses before sentencing, as it imposed only one 20-year sentence). Nevertheless, because these convictions merge as a matter of law, Andrews's sentence was illegal and we must remand for resentencing. See *Nazario*, supra, 293 Ga. at 492 (3) (d).

9

b. Aggravated Assault with Intent to Rape (Count 4).[5]

Count 4 of Andrews's indictment charged him with aggravated assault with intent to rape based on his act of striking the victim in the head with a flashlight. Contrary to Andrews's contention, the aggravated assault did not merge with his rape conviction (Count 3) because the aggravated assault was complete before the rape and it involved a separate and distinct act of force outside of the force necessary to accomplish the rape.

Notably, the record shows that the crime of aggravated assault based on Andrews's actions in hitting the victim in the head with the flashlight was complete well before he raped the victim. Moreover, Andrews cannot show based on the limited record that the force used to prove the rape was the same force used to prove the aggravated assault, because the record shows that, after he hit the victim in the head, Andrews picked her up, slammed her to the floor and choked her. The record also shows that Andrews was unable to get an erection and had to masturbate himself

---

[5] A person commits the offense of rape when he has forcible carnal knowledge of a female against her will. OCGA § 16-6-1 (a) (1) (2003). A person commits the offense of aggravated assault when he assaults with intent to rape. OCGA § 16-5-21 (a) (1) (2003). The underlying assault can occur where, as here, the defendant commits an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2) (2003).

10

before he forcibly raped the victim. Accordingly, the trial court did not err in failing to merge the aggravated assault conviction. See *Williams v. State*, 295 Ga. App. 9, 14-15 (2) (b) (670 SE2d 828) (2008) (affirming trial court's refusal to merge aggravated assault with intent to rape into rape conviction where aggravated assault involved separate and distinct acts of force).

c. Robbery (Counts 5, 6, and 7)

Andrews was charged with three counts of robbery by intimidation based on his taking from the victim's person her cash (Count 5), her check card (Count 6) and her car keys (Count 7). Here, the record shows that Andrews's actions in taking the victim's cash and check card occurred simultaneously. Accordingly, the trial court erred in failing to merge Counts 5 and 6 for sentencing purposes. See *Woods v. State*, 209 Ga. App. 604, 606 (2) (434 SE2d 146) (1993) (trial court erred in sentencing defendant for two counts of theft by taking where the offenses were committed at the same time and place and were parts of one continuous criminal act).

Andrews cannot show that his conviction for robbery by intimidation based on taking the victim's car keys (Count 7) merged, however, because the record shows that this offense was not part of his initial actions in taking the victim's cash and check card. Notably, Andrews did not take the victim's car keys until after he

11

assaulted the victim with the flashed light, slammed her to the floor, choked her and forcibly raped her. See *Jones v. State*, 279 Ga. 854, 857-858 (3) (622 SE2d 1) (2005) (offenses were based on two distinct acts of taking occurring at different times). Accordingly, the trial court did not err in failing to merge Count 7.

d. Theft by Taking (Count 8)

Count 8 charged Andrews with unlawfully taking the victim's Honda CRV with the intention of depriving her of said property. Here, Andrews cannot show as a matter of fact that his theft by taking conviction merged with his conviction for robbery based on his act of taking the victim's car keys because the two offenses were based on two distinct acts occurring at different times in different locations. Notably, Andrews took the victim's car keys from her immediate presence after he raped her. Andrews then went outside of the store and took the victim's car. Consequently, the trial court did not err in failing to merge Andrews's conviction for theft by taking. See *Jones*, supra, 279 Ga. at 857-858 (3) (defendant's theft of car outside apartment after he took keys from victim was a separate unauthorized taking which occurred outside victim's immediate presence).

In sum, we hold that Andrews's convictions for burglary (Counts 1 and 2) and his convictions for Robbery by Intimidation (Counts 5 and 6) merged. Accordingly,

12

we vacate Andrews's convictions for one burglary count (Count 2) and one count of robbery by intimidation (Count 6) and remand for resentencing. We affirm Andrews's remaining convictions because the remaining counts did not merge and Andrews failed to show that his trial counsel was deficient in preparing him to enter his plea.

*Judgment affirmed in part, vacated in part and case remanded. Branch, J., concurs. Ray, J., concurs fully in Divisions 1, 2 (a) and 2 (d) and in the judgment only in Divisions 2 (b) and 2 (c).*