**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0311. ARNOLD v. THE STATE.

MILLER, Judge.

Cornelius Demond Arnold was granted an out-of-time appeal to challenge the denial of his post-sentencing motion to withdraw his guilty plea to possession of cocaine (OCGA § 16-13-30 (a)). Arnold contends that the trial court erred in denying his motion to withdraw his guilty plea since his counsel provided ineffective assistance by failing to adequately communicate the plea negotiations. For the reasons that follow, we affirm.

"[O]nce a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice, and a trial court's refusal to allow withdrawal will not be disturbed absent a manifest abuse of discretion." (Punctuation and footnotes omitted.) *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011). "[T]he trial court is

the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm." (Punctuation and footnote omitted.) *Hubbard v. State*, 301 Ga. App. 388, 388-389 (687 SE2d 589) (2009).

Here, the record shows that Arnold was charged with possession of cocaine. A public defender ("counsel") was appointed to represent Arnold during criminal proceedings. Per counsel's usual practice, counsel sent Arnold the State's discovery packet, which included a plea offer. Based on the State's discovery, and his own confirmation of Arnold's criminal history, counsel knew that Arnold would be treated as a recidivist.

By the time Arnold received the plea offer, it had expired. However, counsel convinced the State to keep the offer open until counsel could personally speak to Arnold about the plea offer and his recidivist status. The State nevertheless included a condition that the offer would be revoked if Arnold required the State to disclose the identify of a confidential informant ("CI").

Counsel subsequently met with Arnold in person to explain the details of the plea offer, including the State's condition, the meaning of a non-recidivist offer, and the possibility of a harsher sentence if he rejected the plea offer. Despite counsel's explanation and recommendation, Arnold refused to consider any plea offer.

Consequently, counsel began to prepare for trial and requested that the State disclose the CI's identity. Once the State produced the CI's identity, counsel discovered that he had previously represented the CI and was subsequently allowed to withdraw based on a conflict of interest. Arnold was appointed new trial counsel. Arnold entered into a non-negotiated guilty plea, and the trial court sentenced him as a recidivist to serve 15 years.

Thereafter, Arnold filed a motion to withdraw his guilty plea, asserting that counsel failed to inform him of the State's plea offer before it expired. Following a hearing, the trial court denied Arnold's motion. The trial court granted Arnold's motion for out-of-time appeal to challenge the ruling.

Arnold contends that trial counsel was ineffective for not informing him that the State had extended the plea offer deadline, that he would possibly be sentenced as recidivist, or that the plea offer would be withdrawn if the State revealed the CI's identity.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the "defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced [the] defendant that there is a reasonable likelihood that, but for counsel's

3

errors, the outcome of the trial would have been different." (Citations and punctuation omitted.) *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010). In the context of the plea bargain process, a defendant may prove that trial counsel was ineffective by showing that counsel failed to inform him that an offer to plead guilty had been made and failed to advise him of the "consequences of the choices confronting him." (Citation and punctuation omitted.) *Johnson v. State*, 289 Ga. 532, 534 (712 SE2d 811) (2011). To establish prejudice in the context of the plea bargain process, the defendant must show that, "but for counsel's deficient performance, there is a reasonable probability that he would have accepted the State's plea offer. The requisite reasonable probability standard demands a showing that there is some indication that the defendant was amenable to the offer made by the [S]tate." (Citations and punctuation omitted.) Id. at 535; see also *Cleveland v. State*, 285 Ga. 142, 145 (674 SE2d 289) (2009).

Here, counsel testified that he informed Arnold of the State's extended plea offer and fully advised him about the process. Specifically, counsel informed Arnold that he faced a possible recidivist punishment, that the State would withdraw its plea offer if it revealed the identity of the CI, and that if Arnold rejected the offer, his only options were to enter a blind plea or proceed to trial. Although Arnold testified that

4

he was not properly consulted during the plea process, the trial court was authorized to discredit Arnold's testimony. See *Cleveland*, supra, 285 Ga. at 147 ("Decisions regarding credibility are uniquely the province of the trier of fact.") (footnote omitted); *Blass v. State*, 293 Ga. App. 346, 347 (667 SE2d 140) (2008). The fact that Arnold now regrets his decision to reject the State's negotiated plea offer over his counsel's recommendation affords no basis for relief. See *Vaughn v. State*, 298 Ga. App. 669, 671 (680 SE2d 680) (2009) (fact that the defendant, who rejected the State's plea offer and instead entered into a non-negotiated plea, was displeased with his sentence did not render his counsel's performance ineffective); *Carson v. State*, 264 Ga. App. 763, 764 (592 SE2d 161) (2003) (rejecting ineffective assistance claim where attorney explained to the defendant that a harsher sentence was possible a consequence of rejecting the State's plea offer). Since Arnold failed to establish that his counsel's performance was deficient, we need not examine whether he met his burden of proving prejudice. See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (providing that, if an appellant fails to meet his burden of proving either prong of the *Strickland* test, a reviewing court need not examine the other prong). Accordingly, the trial court did not abuse its discretion in denying Arnold's motion to withdraw his guilty plea on the grounds of ineffective assistance of counsel.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*