**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 21, 2012**

# In the Court of Appeals of Georgia

A12A1453. BUTLER v. THE STATE.

MCFADDEN, Judge.

James Butler appeals from his child molestation conviction, raising a claim of ineffective assistance of trial counsel. Because he has failed to show either deficient performance or prejudice, we affirm.

Butler was indicted on two counts of child molestation, one count alleging that he had placed his mouth on the victim's breast and the other count alleging that he had placed his hand on the victim's vagina. Butler pled not guilty to the charges, and the case proceeded to a jury trial. At trial, the state presented evidence showing that while an 8-year-old girl was at Butler's house, he approached her, put his mouth on her breasts and touched her clothed vaginal area. The state's evidence included photographs showing hemorrhaging or red marks around the child's breasts, a

forensic interview of the victim stating that Butler had touched her breasts, and expert testimony that Butler's DNA and an enzyme contained in saliva were found on the child's breasts.

Butler presented a good character defense, introducing testimony from seven witnesses about his good reputation in the community. Butler also testified in his own defense, stating that the child and her grandmother frequently visited his house, and that on the date in question the girl hugged him around the neck and he kissed her on the cheek. Butler denied kissing the child's breasts or touching her vaginal area, but claimed that the girl kept pulling her shirt up and asking him to kiss it, so he did kiss the shirt. On cross-examination of the state's experts, Butler also elicited testimony to support the defense theory that saliva and DNA could have inadvertently been transferred from the child's cheek to her chest.

The jury found Butler guilty of child molestation for having put his mouth on the child's breast as charged in count one of the indictment, but could not reach a unanimous verdict as to the allegation in count two that he had touched the child's vagina. The trial court entered judgment of conviction and imposed a 15-year sentence as to count one, and declared a mistrial as to count two. The court

subsequently granted the state's motion for entry of an order of *nolle prosequi* as to count two.

Butler filed a motion for new trial, claiming ineffective assistance of trial counsel. After a hearing at which both trial counsel and Butler testified, the trial court entered an order finding that counsel's testimony was more credible than Butler's testimony and denying the motion. Butler appeals.

Butler argues that the trial court erred in denying the motion for a new trial because his trial counsel was ineffective in failing to properly explain the strength of the evidence against him, which caused him to proceed to trial instead of accepting a plea offer from the state. The argument is without merit.

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. In the context of the plea bargain process, a defendant may prove that trial counsel was ineffective by showing that counsel failed to inform him that an offer to plead guilty had been made and failed to advise him of the consequences of the choices confronting him. To establish prejudice in the context of the plea bargain process, the defendant must show that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the [s]tate's plea offer. The requisite reasonable probability standard demands a showing that there is some indication that the defendant was amenable to the offer made by the state.

3

(Citations and punctuation omitted.) *Arnold v. State*, 315 Ga. App. 831, 832 (728 SE2d 342) (2012).

At the motion for new trial hearing, trial counsel testified that he held approximately ten to fifteen meetings with Butler prior to trial. He testified that it was his job to assess the strength of the state's case and then communicate that information to the client, particularly if the evidence is overwhelming. After learning of the DNA evidence, he had intensive meetings with Butler at which he gave him a copy of the DNA report, told him that they had problems due to that evidence and explained the seriousness of the case. Counsel outlined the evidence against Butler, and told him that they would have a difficult time at trial explaining how his DNA and saliva, as well as bruises and marks, got on the child's chest.

Counsel engaged in plea negotiations with the state and passed along all plea offers to Butler. He testified that the best offer made by the state was for a ten-year sentence, with five years to be served in prison. Counsel conveyed that offer to Butler, but he rejected it. According to counsel, Butler never wavered from his claim of innocence and, consistent with that claim, he had no desire to accept any of the state's offers to plead guilty to something he maintained did not do. Counsel explained to Butler the possibility of maintaining his claim of innocence by entering

4

a plea under *North Carolina v. Alford*, 400 U.S. 25 (91 SC 160, 27 LE2d 162) (1970), but it was not seriously considered because "in [Butler's] assessment of facts . . . he . . . would've been volunteering for prison time for something [about which] he professed his innocence."

Butler's testimony at the hearing conflicted with trial counsel's testimony. Butler claimed that he only met with his attorney three times; that counsel did not explain the evidence to him; that his attorney never told him about the plea offer of ten years to serve five, but did tell him that he had rejected a seven-year plea offer from the state; that if he had been told of that offer he would have accepted it; and that he was not informed of the possibility of an *Alford* plea, but if he had been told of it he would not have gone to trial.

It was the function of the trial court at the motion for new trial hearing to determine witness credibility and resolve any conflicts in the testimony. *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). In its role as factfinder, the trial court was authorized to believe the testimony of trial counsel and reject any conflicting testimony from Butler. See *Jividen v. State*, 256 Ga. App. 642, 645 (1) (b) (569 SE2d 589) (2002); *Carroll v. State*, 252 Ga. App. 142, 147 (4) (a) (555 SE2d 807) (2001). And on appeal, we must accept the trial court's factual findings and

5

credibility determinations unless they are clearly erroneous. *Glover v. State*, 291 Ga. 152, 154 (2) (728 SE2d 2210 (2012). In this case, there is no clear error given trial counsel's testimony establishing that, contrary to Butler's claims, he fully explained the evidence and the strength of the state's case to Butler, he conveyed all plea bargain offers from the state to Butler, and Butler rejected those offers. See *Trammell v. State*, 262 Ga. App. 786, 787 (2) (a) (586 SE2d 693) (2003) (trial court's determination that counsel did not fail to communicate plea bargain offer to appellant was a matter of credibility of witnesses, and we are not authorized to disturb it). The fact that Butler now regrets his decision to reject the state's negotiated plea offer and exercise his right to a jury trial affords no basis for relief. See *Arnold*, supra at 833; *Baskin v. State*, 267 Ga. App. 711, 713-714 (1) (a) (600 SE2d 599) (2004).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*