**THIRD DIVISION**
**MILLER, J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 28, 2013**

# In the Court of Appeals of Georgia

A12A2179. TALLEY v. THE STATE.

MILLER, Judge.

Earvin Talley challenges the denial of his post-sentencing motion to withdraw his guilty plea to the sale of cocaine. (OCGA § 16-13-30 (b)). Talley contends that the trial court failed to make an adequate inquiry into his claims of ineffective assistance of counsel. For the reasons that follow, we affirm.

> Once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice, and a trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion. The trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm.

(Citations and punctuation omitted.) *Arnold v. State*, 315 Ga. App. 831 (728 SE2d 342) (2012).

Here, the record shows that Talley was charged with sale of cocaine in 2009. Talley was appointed an attorney to represent him during criminal proceedings.

One day prior to Talley's scheduled trial in March 2011, Talley told the trial court that he wanted to discharge his appointed attorney. Talley stated that he felt that appointed counsel was not representing him fairly, but he did not elaborate. The trial court informed Talley that, while he had the option to discharge his attorney, a new attorney would not be appointed for him and he would still have to proceed to trial the next day. The trial court denied Talley's request for a continuance, stating that the case had been pending for approximately two years, and that the case would not be delayed any further since Talley had plenty of time to hire another attorney prior to that point. The trial court also informed Talley that it was unlikely he would be able to retain an attorney one day prior to trial and advised of him of the dangers of proceeding without counsel.

On the day of Talley's trial, Talley again stated that he wanted a new attorney. The trial court indicated that Talley's request appeared to be an attempt to delay his trial by asking for new counsel. The trial court again informed Talley that the trial would proceed as scheduled, although Talley was not required to use appointed counsel. The trial court also stated that it would not appoint another attorney or

2

continue the trial to allow him to retain private counsel. Talley stated that he understood and elected to proceed to trial with appointed counsel. Appointed counsel then asked for a brief recess to discuss with Talley the possibility that a co-defendant would testify at his trial.

Following the recess, Talley entered a plea of guilty. Talley testified under oath in open court that he was satisfied with his counsel's services. Talley further testified that he understood the charge in the indictment, the rights that he was waiving by entering the guilty plea, the sentencing range for the charged offense, and the conditions of probation. Talley affirmed that no promises or threats had been made in exchange for his guilty plea, and that he entered his plea freely and voluntarily. After the State provided a factual basis for the plea, the trial court accepted Talley's guilty plea and sentenced him to 15 years with 10 to serve in prison.

The next day, Talley filed a pro-se motion to withdraw his guilty plea, contending that he had expressed his dissatisfaction with his attorney and felt coerced to proceed with appointed counsel. Following an evidentiary hearing, the trial court denied Talley's motion.

Talley contends that the trial court erred in denying his motion to withdraw his guilty plea because the trial court failed to made an adequate inquiry into his claims of ineffective assistance of counsel. We disagree.

> Where ... the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, a reasonable probability exists that he would have insisted on a trial. A court need not address both the deficient performance and prejudice prongs of this test if the showing on one prong is insufficient. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citation and punctuation omitted.) *Williams v. State*, 307 Ga. App. 780 (706 SE2d 82) (2010).

Here, the record shows that the trial court made the requisite factual inquiry into Talley's claims of ineffective assistance of counsel. As to Talley's first claim that he was dissatisfied with his appointed counsel, Talley stated that he and his attorney disagreed about trial strategy. The trial court asked Talley to be more specific, and Talley responded that appointed counsel was going to allow his co-defendant to testify against him at trial. Talley also stated that appointed counsel should not have asked him to identify his co-defendant while they were waiting for a pre-trial hearing.

4

Talley did not call appointed counsel to testify at the motion to withdraw his guilty plea. Therefore, "we presume [counsel's] decision[s] [were] tactical. And because [Talley] has presented no other evidence to the contrary, he has failed to carry his burden of proving ineffective assistance of counsel." (Footnotes and punctuation omitted.) *Taylor v. State*, 248 Ga. App. 715, 717 (5) (548 SE2d 414) (2001).

As to Talley's second claim that he felt pressured to plead guilty because he was afraid of proceeding to trial with appointed counsel, the trial court specifically made inquiry into his claim. Talley stated that appointed counsel filed a factually incorrect motion and did not represent him fairly. Talley previously testified under oath during the plea colloquy, however, that he was satisfied with appointed counsel's services, and that he did not feel pressured to enter the guilty plea. "Moreover, pressures such as a lack of faith in one's trial counsel do not necessarily give rise to the manifest injustice required to withdraw a plea after sentencing." (Footnote omitted.) *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007). Consequently, the trial court made a proper inquiry into Talley's claims, and it did not abuse its discretion in denying Talley's motion to withdraw his plea.

*Judgment affirmed. Ray and Branch, JJ., concur.*