**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 17, 2021**

# In the Court of Appeals of Georgia

A20A1866. BAILEY-DANIEL v. THE STATE.

COLVIN, Judge.

After a jury trial, Sherry Bailey-Daniel was convicted of aggravated assault, family violence. The trial court subsequently denied Bailey-Daniel's motion for new trial. Bailey-Daniel appeals, arguing that she received ineffective assistance of counsel because trial counsel failed to advise her of a plea offer. For the following reasons, we affirm.

The record shows that Bailey-Daniel was indicted for aggravated assault, family violence after an argument with her adult daughter escalated to a physical altercation, during which Bailey-Daniel swung a liquor bottle at her daughter. The bottle broke and her daughter was cut. The daughter was taken to the hospital, where she was treated for a severe laceration on her upper arm and other cuts.

At the pretrial conference, the State announced that it had submitted a written plea offer to Bailey-Daniel's trial counsel, explaining that the State had offered a sentence of probation only. The State further announced that if a jury found Bailey-Daniel guilty, it would request a sentence including time to serve in confinement.

The trial court asked trial counsel if he had discussed the plea and the consequences of going to trial with his client. Trial counsel responded that he had discussed the plea with Bailey-Daniel and that she had expressed her wish to move forward with a trial. Bailey-Daniel then affirmed to the trial court that she had enough time to talk with trial counsel, that she heard the State's recommendation, and that she wanted to proceed to trial.

At trial, the State presented photo and video evidence of the daughter's injuries. The jury found Bailey-Daniel guilty of aggravated assault, family violence. The trial court sentenced her to ten years, with the first five years to serve in confinement and the remainder on probation.

Bailey-Daniel subsequently filed a motion for new trial, alleging that trial counsel rendered ineffective assistance of counsel because he failed to advise her of the State's plea offer and of the consequences of going to trial. At the hearing on the motion for new trial, trial counsel testified that he discussed all discovery with

2

Bailey-Daniel, but he could not remember whether he showed the photos to her. Trial counsel testified that Bailey-Daniel informed him near the beginning of the representation that she was not willing to plead guilty to aggravated assault. Trial counsel further testified that he received the State's plea offer a few days prior to trial, that he communicated the plea offer to Bailey-Daniel, and that "she expressed an unwillingness to accept that plea to aggravated assault." Trial counsel had also represented Bailey-Daniel in the past, and he testified that his impression of her knowledge of the system was such that he "didn't need to go through and ask about every minute detail about her decision."

Bailey-Daniel testified at the motion for new trial hearing that trial counsel informed her that the state had "ferocious" photos of the daughter's injuries, but trial counsel did not show the discovery to her. She testified that trial counsel represented to her that the State had not made a plea offer. When she heard the State announce the plea offer at the pretrial conference, she consulted trial counsel and asked why he did not tell her about a plea deal. Bailey-Daniel testified at the motion for new trial hearing that trial counsel responded "well, you said you w[ere] innocent." Nevertheless, Bailey-Daniel testified that she was aware that the sentence range for aggravated assault was three to twenty years.

On appeal, Bailey-Daniel now argues that trial counsel was ineffective because he failed to advise her of the plea offer. We disagree.

> To prevail on [her] claim, [Bailey-Daniel] bears the burden of proving that the performance of [her] lawyer was deficient and that [s]he suffered prejudice as a result of this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). If a defendant fails to meet [her] burden on one prong of the two-prong test, then the other prong need not be reviewed by the court. In addressing claims of ineffective assistance of counsel, we review the trial court's legal conclusions de novo and its factual findings under the clearly erroneous standard.

(Citations and punctuation omitted.) *Carcamo v. State*, 348 Ga. App. 383, 392 (2) (823 SE2d 68) (2019).

Accordingly, "[t]o prevail on a claim of ineffective assistance of counsel in the context of a plea bargain, a defendant must show that h[er] counsel's representation fell below an objective standard of reasonableness and that the outcome of the plea process would have been different with competent advice." (Citations omitted.) *Anderson v. State*, 352 Ga. App. 275, 279-280 (2) (834 SE2d 369) (2019).

> In regard to the offer of a plea bargain, objective professional standards require that a defendant be told that such an offer has been made and to be advised of the consequences of the choices confronting the

4

defendant. Trial counsel can be found to have rendered less than reasonably professional assistance if counsel has not informed his client of a plea offer and advised him of the relative consequences of accepting the offer versus going to trial.

(Citations and punctuation omitted.) *State v. Lexie*, 331 Ga. App. 400, 402 (771 SE2d 97) (2015).

Here, the evidence supports the trial court's conclusion that trial counsel did not perform deficiently. At the motion for new trial hearing, trial counsel testified that he communicated the State's offer to Bailey-Daniel and discussed discovery with her. Although Bailey-Daniel testified at the motion for new trial hearing that trial counsel had not communicated the State's plea offer to her, she affirmed to the trial court at the pretrial conference that she had discussed the plea offer with trial counsel. Bailey-Daniel also testified that she understood the sentencing range for aggravated assault. Given the conflicting testimony at the pretrial conference and the motion for new trial hearing, the trial court exercised its role as factfinder and "was authorized to believe the testimony of trial counsel and reject any conflicting testimony from [Bailey-Daniel]." (Citations omitted.) *Butler v. State*, 319 Ga. App. 350, 353 (734 SE2d 567) (2012) (no clear error in trial court's finding of no deficient performance where trial

5

counsel testified that he communicated plea offers and consequences of going to trial with defendant despite defendant's conflicting testimony). We thus find no error.

*Judgment affirmed. Reese, P. J., and Markle, J., concur.*